THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CALLENDER,<br><br>Plaintiff,<br><br>--- against ---<br><br>FORSTER AND GARBUS, LLP,<br><br>Defendant. | § <br>§ <br>§ COMPLAINT<br>§ <br>§ 15 Civ.<br>§ <br>§ JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against the defendant, a law firm, for violations of the Fair Debt Collections Practices Act, 15 U.S.C § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The gravamen of the complaint is that Defendant filed an income execution with the New York City Marshal which was subsequently served on the Plaintiff's employer, and proceeded to garnish the Plaintiff's wages for approximately three months based on a judgment that had been vacated in 2012.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k (d) and under 28 U.S.C. § 1331.

3. Venue is properly laid within the Southern District of New York in that the Defendant transacts business in that district and the conduct complained of occurred within that district.

1

## PARTIES

4. Plaintiff, Victor Callender, is an individual who resides in Bronx County, New York.

5. Defendant Forster and Garbus, LLP ("Forster and Garbus") is a New York law firm that has its principal place of business in Commack, NY 11725.

6. Forster and Garbus regularly collects or attempts to collect, directly or indirectly, debts owed, or due or asserted to be due another. It is a debt collector within the meaning of 15 U.S.C. § 1692a(6)

## FACTUAL ALLEGATIONS

7. On July 27, 2005, Discover Bank initiated a lawsuit against Mr. Callender in New York County Civil Court, entitled *Discover Bank IOT Discover Card v. Victor C Callender*. The index number was CV-032484-05/NY.

8. Discover Bank alleged that Mr. Callender had entered into a credit card agreement with it and subsequently defaulted on his monthly payments, incurring a debt of $5,896.87.

9. Discover Bank obtained a default judgment against Mr. Callender on December 21, 2005 when Mr. Callender failed to answer the complaint.

10. Mr. Callender was not properly served and had no knowledge of the lawsuit's existence until on or about May 2012 when he obtained a copy of his credit report.

11. On May 22, 2012, Mr. Callender filed a pro se order to show cause in New York County Civil Court to vacate the judgment for lack of jurisdiction. As directed by the Court, Mr. Callender served the order to show cause on Discover Bank's counsel of record in the case, Mann Bracken LLP, at their address in Rochester, NY.

12. No one appeared on behalf of Discover Bank at the return date of the order to show cause on

June 20, 2012. The Court accordingly vacated the judgment and accepted Mr. Callender's answer as filed. The Court then restored the matter to the calendar for August 20, 2012 and included in its written order that the Court would be responsible for notifying the bank's counsel of the next court date.

13. When no one appeared on behalf of Discover Bank on August 20, 2012, the Court dismissed the case. In August, 2012, Mr. Callender sent a letter to Transunion, a credit reporting agency, asking that it update his credit report to reflect that this judgment had been vacated.

14. During roughly this same time, Mr. Callender began to receive a series of letters from Forster and Garbus, LLP seeking to collect on an alleged debt owing to Discover Bank. He received the first of these letters on or about July 2, 2012.

15. Mr. Callender assumed that this was a different alleged debt than the one involved in the case pending in the New York County Civil Court because the letters came from a different law firm, did not refer to a judgment, and the amount of the debt was different. Mr. Callender thought he had been the victim of identity theft.

16. When letters continued to come from Forster and Garbus, Mr. Callender filed a complaint with the New York City Department of Consumer Affairs ("DCA") stating that he had been a victim of identity theft and that Forster and Garbus was attempting to collect a debt that was not his. In January 2013, Mr. Callender received a response from DCA with an enclosed letter from Forster and Garbus. The letter acknowledged that Foster and Garbus had received the complaint letter and stated that it had been "advised by Discover Bank to cease all collection activity and that the account would be investigated by their fraud department." Mr. Callender never received the results of the purported investigation nor did he receive any further communications from Forster and

Garbus regarding his complaint or the status of his account. He assumed the matter was resolved.

17.     On or around January 2, 2015, Forster and Garbus, without further communicating with Mr. Callender or the DCA, purporting to represent Discover Bank, filed an income execution with the New York City Marshal seeking enforcement of the judgment against Mr. Callender that Discover Bank had obtained in 2005 and that the Court had vacated in 2012.

18.     On or around January 5, 2015, without any prior notice to Mr. Callender, the New York City Marshal served the income execution on Dollar Tree Stores, Inc., Mr. Callender's employer. Thereupon, Mr. Callender's employer began to garnish his wages. Mr. Callender was first notified of this fact when he received his paycheck on or about January 23rd, 2015.

19.     After considerable delay and aggravation, Mr. Callender was able to obtain legal representation. With the assistance of counsel, he ascertained that the debt for which his wages were being garnished was the same Discover Bank claim that formed the basis of the 2005 lawsuit and the judgment he had successfully vacated in 2012.

20.     On April 15, 2015, Mr. Callender's counsel wrote Forster and Garbus, demanding that it cease garnishing his wages and restore to him all monies collected. After repeated phone calls and messages, Forster and Garbus complied with this demand on April 23, 2015.

21.     Forster and Garbus' conduct caused Mr. Callender to sustain actual damages including monies improperly garnished, out-of-pocket expenses to investigate his case, obtain legal representation, and consult his attorneys. In addition, Mr. Callender was unable to pay his full rent, on time, for the month of April 2015.

22.     Forster and Garbus' conduct has also caused Mr. Callender to experience emotional and mental pain and anguish, embarrassment and humiliation. Forster and Garbus' unlawful conduct

occurred at an especially vulnerable time for Mr. Callender and his family in that he had just lost a well-paying job that had enabled him to support his wife and three children in reasonable comfort and security for seven years; he had been unemployed for over 4 months; the job he managed to obtain (and whose first paycheck Forster and Garbus garnished) paid little more than half of his previous employment; his wife was obliged to work outside the home for the first time in their married life; and Mr. Callender was obliged to place his children in day care or extended-day after-school programs, at additional and considerable expense to the family.

23. Plaintiff also claims as actual damages the reasonable value of his attorneys' time and labor to investigate the improper wage garnishment, verify that the underlying judgment (and purported basis for the wage garnishment) had been vacated, collect documentation, and ensure that the garnishment stop and all money be returned to Mr. Callender.

## FIRST CLAIM FOR RELIEF

### (FDCPA)

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "23" of this complaint as if fully set forth herein.

25. The actions of Defendant enumerated above constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

26. By acting in the manner described above, defendant

> (a) engaged in conduct the natural consequence of which was to annoy, oppress, or abuse plaintiff, in violation of 15 U.S.C. § 1692d;
>
> (b) used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and, more

particularly, falsely represented the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A); and

(c) used unfair and unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff demands judgment against defendant for:

   i. Actual damages under the FDCPA;

   ii. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

   iii. Costs and reasonable attorney's fees under 15 U.S.C. § 1692k;

   iv. Such other and further relief as to the Court may appear just and proper.

DATED: New York, New York
July 23, 2015

By: _____
Lauren Elfant, Esq.
Urban Justice Center
123 William St. 16th Floor
New York, NY 10038
Tel.: 646-459-3010
Fax.: 212-533-4598


James M. Baker
Northern Manhattan Improvement Corporation
76 Wadsworth Ave
New York, NY 10033
Tel.: 212-822-8347
Fax.: 212-740-9645