UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VICTOR CALLENDER,

                             Plaintiff,

       -against-

FORSTER & GARBUS, LLP and
DISCOVER BANK

                            Defendants.

Docket # 1:15-CV-05813 (AKH)

**DEFENDANT FORSTER & GARBUS, LLP'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

-------------------------------------------------------------X

      Defendant, Forster & Garbus, LLP ("F&G"), by its attorneys Rivkin Radler LLP, submits its Statement of Material Facts, pursuant to Local Rule 56.1, in support of its motion for partial summary judgment, as follows:

      1. Discover Bank, represented by Wolpoff & Abramson, LLP, commenced a debt collection proceeding against plaintiff which resulted in a default judgment against him in December 2005. *See* Exh. "C"[1]; Exh. "A" at ¶ 9.

      2. F&G did not represent Discover Bank in the underlying debt collection proceeding. *See id.*

      3. F&G was retained by Discover Bank in 2009 to collect on the judgment against plaintiff. *See* Exh. "D" at p. 26.

      4. When F&G was retained by Discover Bank in 2009, the judgment against plaintiff was valid. *See id.*

      5. F&G sent plaintiff a letter dated February 11, 2010 informing him that the Discover Bank judgment docketed in court remained unpaid. *See* Exh. "E."

---

[1] All references to "Exh." herein shall refer to the corresponding exhibits annexed to the Declaration of Carol A. Lastorino dated December 9, 2016.

6. From May 2010 through December 2011, F&G sent plaintiff additional letters which provided that settlement of the Discover Bank debt can be arranged. *See* Exh. "F"; Exh. "G" at p. 10.

7. In 2012, plaintiff obtained a credit report and learned that there were three default judgments entered against him. *See* Exh. "F" at pp. 35-37.

8. One of the default judgments was in favor of Discover Bank and the other two default judgments were in favor of Citibank and Chase Bank. *See id.*

9. On May 22, 2012, plaintiff *pro se* filed an order to show cause to vacate the Discover Bank default judgment and mailed it to the law firm, Mann Bracken, LLP. *See* Exh. "H"; Exh. "A" at ¶ 12.

10. Plaintiff did not mail the order to show cause to F&G and it was never received by F&G. *See* Exh. "H"; Exh. "D" at p. 26.

11. On June 20, 2012, plaintiff's motion to vacate the default judgment was granted. *See* Exh. "A" at ¶ 13.

12. On July 2, 2012, F&G sent a letter to plaintiff which provided that settlement of the Discover Bank debt can be arranged. *See* Exh. "I."

13. Plaintiff sent F&G a letter dated October 23, 2012, which was received by F&G on December 17, 2012, and copied to the Department of Consumer Affairs, wherein plaintiff disputed the debt with Discover Bank. *See* Exh. "J."

14. Plaintiff provided in that letter that he did not have an account with Discover Bank and that he was the victim of identity theft. *See id.*

15. Nowhere in that letter did plaintiff inform F&G that he had vacated the Discover Bank default judgment months earlier. *See id.*

16. On December 18, 2012, F&G advised Discover Bank that plaintiff claimed that he never had an account with Discover Bank and that he was the victim of identity theft. *See* Exh. "K."

17. On December 28, 2012, Discover Bank told F&G to suspend all collection efforts and that the account was going to be forwarded to Discover Bank's fraud department to conduct an investigation. *See* Exh. "L."

18. F&G ceased collection efforts pending Discover Bank's investigation. *See* Exh. "D" at p. 28.

19. Discover Bank conducted the investigation and determined that plaintiff's account and balance were valid. *See* Exh. "M."

20. Discover Bank sent a letter dated March 12, 2013 addressed to plaintiff which provided that Discover Bank completed the investigation; the account and balance were found to be valid; the investigation findings were forwarded to F&G; and plaintiff can contact F&G for questions regarding the account and balance. *See* Exh. "N."

21. When plaintiff's wages were subsequently garnished in January 2015, F&G was not aware that the default judgment had been vacated by plaintiff. *See* Exh. "D" at pp. 26 and 31.

22. F&G first learned that the default judgment had been vacated when plaintiff's attorney notified the law firm of the vacated judgment in a letter dated April 15, 2015. *See* Exh. "D" at p. 26; Exh. "O."

23. When F&G learned that plaintiff vacated the default judgment, the law firm promptly sent reimbursement checks to plaintiff's counsel in the amount of $204.19. *See* Exh. "P"; Exh. "D" at p. 26.

Dated: Uniondale, New York
       December 9, 2016

                                      Yours, etc.

                                      RIVKIN RADLER LLP
                                      Attorneys for Defendant
                                      FORSTER & GARBUS, LLP

                       By:  */s/ Carol A. Lastorino*
                                      926 RXR Plaza
                                      Uniondale, New York 11556
                                      (516) 357-3000
                                      RR File No. 12607-2


TO:  LAW OFFICE OF AHMAD KESHAVARZ
       Attorneys for Plaintiff
       16 Court St., 26th Floor
       Brooklyn, NY 11241-1026
       (718) 522-7900
       ahmad@newyorkconsumerattorney.com

3548143 v1