UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

VICTOR CALLENDER

               Case No.: 1:15-cv-05813-AKH

      Plaintiff,

 -against-

FORSTER & GARBUS, LLP

      Defendant.

---------------------------------------------------------------------X

**PLAINTIFF'S LOCAL RULE 56.1 COUNTER STATEMENT OF MATERIAL FACTS IN RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A. **PLAINTIFF'S SPECIFIC RESPONSES TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

 1. **Discovery Bank, represented by Wolpoff & Abramson, LLP, commenced a debt collection proceeding against plaintiff which resulted in a default judgment against him in December 2005.**

RESPONSE: Undisputed.

 2. **F&G did not represent Discover Bank in the underlying debt collection proceeding.**

RESPONSE: Undisputed.

 3. **F&G was retained by Discover Bank in 2009 to collect on the judgment against plaintiff.**

RESPONSE: Undisputed.

 4. **When F&G was retained by Discover Bank in 2009, the judgment against plaintiff was valid.**

RESPONSE: Plaintiff admits that the judgment had not been vacated when F&G was retained by Discover Bank in 2012, however, Plaintiff disputes that the judgment was valid at that time.

1

Plaintiff was never served with process in the collection lawsuit, and the judgment was therefore invalid when it was entered on December 21, 2005. *See* [DE 53-05, Exhibit E, the December 9, 2016 Affidavit of Victor Callender ("Callender Aff.")]; [DE 53-07, Exhibit G, the May 3, 2012 Affidavit of Victor Callender in support of his Order to Show Cause ("Callender Aff. in Support of OSC") ¶ 6] ("I was never served. The first time I became aware of lawsuit was when I got a credit report indicating a judgment against me."); [DE 53-08, Exhibit H, the October 25, 2016 deposition transcript of Victor Callender ("Callender Tr.") pp. 36:21-37:10]; [DE 53-12, Exhibit L, the June 20, 2012 order vacating the default judgment ("Order Vacating Judgment")].

**5. F&G sent plaintiff a letter dated February 11, 2010 informing him that the Discover Bank judgment docketed in court remained unpaid.**

RESPONSE: Plaintiff disputes this statement. Defendant points to the letter, but has proffered no evidence that the letter was sent. The record establishes that Plaintiff does not recall receiving this letter. [DE 53-08, Exhibit H, Callender Tr. pp. 98:15-23]. The letters Plaintiff recalls receiving claimed that he owed $9,000 or more, however, this letter lists the amount due as $8,273.89. [DE 53-08, Exhibit H, Callender Tr. pp. 99:20-100:01]. Moreover, Plaintiff did not learn of the sewer-service judgment until May 2012 when he obtained a copy of his credit report. [DE 53-05, Exhibit E, the December 9, 2016 Affidavit of Victor Callender ("Callender Aff.")]; [DE 53-07, Exhibit G, the May 3, 2012 Affidavit of Victor Callender in support of his Order to Show Cause ("Callender Aff. in Support of OSC") ¶ 6] ("I was never served. The first time I became aware of lawsuit was when I got a credit report indicating a judgment against me."); [DE 53-08, Exhibit H, Callender Tr. pp. 36:21-37:10].

**6. From May 2010 through December 2011, F&G sent plaintiff additional letters which provided that settlement of the Discover Bank debt can be arranged.**

RESPONSE: Plaintiff disputes this statement. Defendant points to the letters, but has proffered no evidence that the letters were sent. One of the letters, dated November 2, 2010, was sent to 408 W. 130th Street, Apartment 12, New York, NY 10027-7532. However, the record establishes that Mr. Callender did not reside at that address at that time. [DE 53-08, Exhibit H, Callender Tr. pp. 14:18-25]. Plaintiff does not recall receiving any of these letters. [DE 53-08, Exhibit H, Callender Tr. pp. 98:15-23]. The letters Plaintiff recalls receiving claimed that he owed $9,000 or more, however, the letters of May 3, 2010, November 2, 2010, and February 15, 2011 lists the amounts due as $8,394.57, $8,661.23, and $8,817.66, respectfully. [DE 53-08, Exhibit H, Callender Tr. pp. 99:20-100:01]. While Plaintiff states that he received five letters from Defendant, Plaintiff did not concede that these were the five letters he received. [DE 53-08, Exhibit H, Callender Tr. pp. 10]. Moreover, Plaintiff did not learn of the sewer-service judgment until May 2012 when he obtained a copy of his credit report. [DE 53-05, Exhibit E, Callender Aff.]; [DE 53-07, Exhibit G, Callender Aff. in Support of OSC ¶ 6] ("I was never served. The first time I became aware of lawsuit was when I got a credit report indicating a judgment against me."); [DE 53-08, Exhibit H, Callender Tr. pp. 36:21-37:10]. Plaintiff notes that none of these letters purport to be collecting on a judgment.

7. **In 2012, plaintiff obtained a credit report and learned that there were three default judgments against him.**

RESPONSE: Undisputed.

8. **One of the default judgments was in favor of Discover Bank and the other two default judgments were in favor of Citibank and Chase Bank.**

RESPONSE: Undisputed.

**9. On May 22, 2012, plaintiff *pro se* filed an order to show cause to vacate the Discovery Bank default judgment and mailed it to the law firm, Mann Bracken, LLP.**

RESPONSE: Undisputed. Plaintiff does not dispute that it served the order to show cause on Mann Bracken, LLP—the attorney of record for Discover Bank in the collection case—as directed by the court in its May 22, 2012 order. [DE 54-10, Exhibit J, the May 22, Order to Show Cause to vacate the default judgment ("OSC")].

**10. Plaintiff did not mail the order to show cause to F&G and it was never received by F&G.**

RESPONSE: Undisputed. Plaintiff does not dispute that it never served the order to show cause on F&G, as F&G never filed a substitution of attorney with the court and Plaintiff was therefore unaware that Discover Bank had retained F&G. [DE 54-10, Exhibit J, OSC]; [DE 54-02, Exhibit B, the September 27, 2016 deposition transcript of Joel D. Leiderman ("Leiderman Tr.") pp. 104:02-05].

**11. On June 20, 2012, plaintiff's motion to vacate the default judgment was granted.**
RESPONSE: Undisputed.

**12. On July 2, 2012, F&G sent a letter to plaintiff which provided that settlement of the Discover Bank debt can be arranged.**
RESPONSE: Undisputed.

**13. Plaintiff sent F&G a letter dated October 23, 2012, which was received by F&G on December 17, 2012, and copied to the Department of Consumer Affairs, wherein plaintiff disputed the debt with discover bank.**
RESPONSE: Undisputed.

4

**14. Plaintiff provided in that letter that he did not have an account with Discover Bank and that he was the victim of identity theft.**

RESPONSE: Plaintiff disputes this statement. Plaintiff did not allege that he had never had an account with Discover Bank, rather, the letter stated that Plaintiff had "never had an account with Discover Bank and this creditor under Account Number 103002130730716." [DE 53-15, Exhibit O, the October 23, 2012 letter from Victor Callender to Forster & Garbus, LLP through the NYC Dept. of Consumer Affairs ("Dispute Letter")].

**15. Nowhere in that letter did plaintiff inform F&G that he had vacated the Discover Bank default judgment months earlier.**

RESPONSE: Undisputed. However, the record reflects that Plaintiff was unaware that F&G was attempting to collect on the same sewer-service default judgment that was vacated in 2012, because the collection letters from F&G bore a different account number, a different amount due, a different law firm, and did not refer to a judgment. [DE 53-15, Exhibit O, Dispute Letter]; [DE 53-05, Exhibit E, Callender Aff. ¶ 14].

**16. On December 18, 2012, F&G advised Discover Bank that plaintiff claimed that he never had an account with Discover Bank and that he was the victim of identity theft.**

RESPONSE: Undisputed. Plaintiff does not dispute that F&G told Discover Bank that Plaintiff claimed that he had never had an account with Discover Bank. However, that was a mischaracterization of Plaintiff's complaint—Plaintiff merely claimed to have never had a Discover Bank account under account number 103002130730716. [DE 53-15, Exhibit O, the October 23, 2012 letter from Victor Callender to Forster & Garbus, LLP through the NYC Dept. of Consumer Affairs ("Dispute Letter")].

**17. On December 28, 2012, Discover Bank told F&G to suspend all collection efforts and that the account was going to be forwarded to Discover Bank's fraud department to conduct an investigation.**

RESPONSE: Undisputed.

**18. F&G ceased collections efforts pending Discover Bank's investigation.**

RESPONSE: Undisputed.

**19. Discover Bank conducted the investigation and determined that plaintiff's account and balance were valid.**

RESPONSE: Undisputed.

**20. Discover Bank sent a letter dated March 12, 2013 addressed to plaintiff which provided that Discover Bank completed the investigation; the account and balance were found to be valid; the investigation findings were forwarded to F&G; and plaintiff can contact F&G for questions regarding the account and balance.**

RESPONSE: Plaintiff disputes this statement. Defendant points to the letter, but has proffered no evidence that the letter was sent. The letter is addressed to 408 W. 130th Street, Apt. 12, New York, NY 10027-7532, however, the record establishes that Mr. Callender did not reside at that address at that time. [DE 53-08, Exhibit H, Callender Tr. pp. 14:18-25]

**21. When plaintiff's wages were subsequently garnished in January 2015, F&G was not aware that the default judgment had been vacated by Plaintiff.**

RESPONSE: Undisputed.

**22. F&G first learned that the default judgment had been vacated when plaintiff's attorney notified the law firm of the vacated judgment in a letter dated April 15, 2015.**

RESPONSE: Undisputed.

**23. When F&G learned that plaintiff had vacated the default judgment, the law firm promptly sent reimbursement checks to plaintiff's counsel in the amount of $204.19.**

RESPONSE: Undisputed.

B. **ADDITIONAL MATERIAL FACTS PLAINTIFF BELIEVES ARE UNDISPUTED AND RELEVANT TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to *Fed. R. Civ. P.* 10, Plaintiff incorporates by reference [DE 53], her Rule 56.1 Statement of Facts in support of Plaintiff's motion for partial summary judgment, as well as [DE 54], the declaration of Ahmad Keshavarz in support of Plaintiff's motion for summary judgment. Fed. R. Civ. P 10 ("A statement in a pleading may be adopted by reference *elsewhere in the same pleading or in any other pleading or motion*")(emphasis added).

C. **PLAINTIFF'S COUNTERSTATEMENT OF FACTS.**

1. After F&G forwarded Mr. Callender's 2012 dispute letter to Discover Bank to be investigated, Discover Bank advised F&G to send it "copies of any answer, all internal notes, judgment (if applicable) and all other documents pertaining to this account." [DE 53-17, Exhibit Q, the December 28, 2012 collection notes detailing Discover Bank's response to Plaintiff's fraud complaint pp.3-4];[DE 53-02, Leiderman Tr. pp. 136:22-137:14].

2. However, F&G did not forward the requested documents to Discover Bank or check the ecourts website to find out whether Mr. Callender had attempted to vacate the judgment. [DE 53-02, Leiderman Tr. pp. 136:22-137:14].

3. F&G argues that it would be unreasonably burdensome to take two minutes to check the ecourts website prior to issuing an income execution to ensure that the putative judgment is valid. [DE 53-21, Exhibit U, the ecourts screens for the collection case ("Ecourts")]; [DE 53-02, Leiderman Tr. pp. 49:07-16].

4. Yet, Defendant takes numerous steps—such as confirming place of employment and location of assets—to ensure that the wage garnishments it issues will result in the payment of funds. [DE 53-02, Leiderman Tr. pp. 65-66; 34-35].

Dated: Brooklyn, NY
      January 6, 2017

      Respectfully submitted,

 /s/_____
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
16 Court Street, 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809
Email: Ahmad@newyorkconsumerattorney.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Carol A. Lastorino
      Rivkin Radler, LLP
      ATTORNEYS FOR DEFENDANT
      926 RXR Plaza
      Uniondale, New York 11556
      Phone: (516) 357-3000

Dated: Brooklyn, NY
      January 6, 2017
      /s/_____
      Ahmad Keshavarz