UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
VICTOR CALLENDER,

                       Plaintiff,

          -against-

FORSTER & GARBUS, LLP,

                      Defendant.
--------------------------------------------------------------X

Docket # 1:15-CV-05813 (AKH)

**DEFENDANT, FORSTER &
GARBUS, LLP'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
ADMISSIONS**

Defendant, Forster & Garbus, LLP ("F&G"), by its attorneys Rivkin Radler LLP, respond and object to Plaintiff's Requests for Admissions dated March 16, 2016 as follows:

## GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's Requests for Admission, and to each definition and instruction therein, to the extent they purport to apply to any communications between Defendant and its counsel, or to any work product created by counsel, or to any work product created by Defendant in anticipation of litigation. All such communications are protected from discovery by the attorney-client privilege and/or the work product doctrine.

2.     Defendant objects to Plaintiff's Requests for Admission as a whole, and to each definition and instruction therein, to the extent they seek to impose duties beyond that contemplated by the Federal Rules of Civil Procedure and/or the Local Civil Rules of the Southern District of New York, that they are being used to call for ultimate legal conclusions, that they seek admissions as to material issues in the case, and that it requests admissions as to information within the knowledge of Plaintiff.

3.     Defendant objects to Plaintiff's Requests for Admission to the extent they seek proprietary and confidential information.

4.      Defendant objects to Plaintiff's Requests for Admission to the extent they seek information or documents which contain personal and confidential information concerning persons other than the Plaintiff.

5.      Defendant objects to Plaintiff's Requests for Admission to the extent they are vague, overly broad, unduly burdensome, and seek information which are not material and necessary to Plaintiff's claims in this action.

6.      Defendant objects to the Plaintiff's Requests for Admission to the extent they seek information not within Defendant's possession, custody or control, or already in Plaintiff's knowledge, possession and/or control.

7.      All general objections are incorporated into each of Defendant's responses and made part thereof.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Defendant F&G is a New York law firm that has its principal place of business in Commack, NY 11725.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Admitted.

### REQUEST FOR ADMISSION NO. 2:

F&G regularly collects or attempts to collect, directly or indirectly, debts owed, or due or asserted to be due to another.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

F&G objects to this request on the ground that it is vague and ambiguous as to the term "regularly." Subject to and without waiving the foregoing objections, F&G responds that it is a

debt collection law firm.

**REQUEST FOR ADMISSION NO. 3:**

It is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

F&G objects to this request in that it seeks a legal conclusion and is not a matter within the scope of Rules 36(a)(1) and 26(b)(1) of the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO. 4:**

On July 27, 2005, Discover Bank initiated a lawsuit against Mr. Callender in New York County Civil Court, Discover Bank IOT Discover Card v. Victor C Callender index number: CV¬032484-05/NY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Discover Bank alleged that Mr. Callender had entered into a credit card agreement with it and subsequently defaulted on his monthly payments, incurring a debt of $5,896.87.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request because F&G did not represent Discover Bank in the underlying action.

**REQUEST FOR ADMISSION NO. 6:**

Discover Bank obtained a default judgment against Mr. Callender on December 21, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Mr. Callender was not properly served and had no knowledge of the lawsuit's existence until on or about May 2012 when he obtained a copy of his credit report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request because F&G did not represent Discover Bank in the underlying action.  F&G also objects to this request to the extent that it asks defendant to admit facts about plaintiff's subjective state of mind.

**REQUEST FOR ADMISSION NO. 8:**

The affidavit of service in the collection lawsuit alleges service upon Mr. Callender's 17 year old son.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request because F&G did not represent Discover Bank in the underlying action.

**REQUEST FOR ADMISSION NO. 9:**

Mr. Callender had no children at the time service was alleged, let alone a 17 year old son.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request.

**REQUEST FOR ADMISSION NO. 10:**

As directed by the Court, Mr. Callender served the order to show cause on Discover's counsel of record in the case, Mann Bracken LLP, at their address in Rochester, NY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request because F&G did not represent Discover Bank in the underlying action.

**REQUEST FOR ADMISSION NO. 11:**

No one appeared on behalf of Discover Bank at the return date of the order to show cause on June 20, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

F&G states that after a reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable it to admit or deny this request because F&G did not represent Discover Bank in the underlying action.

**REQUEST FOR ADMISSION NO. 12:**

The Court vacated the judgment on June 20, 2012 and accepted Mr. Callender's answer as filed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

F&G admits that the motion to vacate the default judgment was granted in a Decision/Order dated June 19, 2012 and entered in the Civil Court of the City of New York on June 20, 2012.

**REQUEST FOR ADMISSION NO. 13:**

The Court then restored the matter to the calendar for August 20, 2012 and included in its written order that the Court would be responsible for notifying the bank's counsel of the next court date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

When no one appeared on behalf of Discover Bank on August 20, 2012, the Court dismissed the case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admitted.

**REQUEST FOR ADMISSION NO. 15:**

During roughly this same time, Mr. Callender began to receive a series of letters from F&G seeking to collect on an alleged debt owing to Discover Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

F&G objects that the use of the term "roughly" and the reference to "a series of letters" render this request vague and incapable of being admitted or denied.

**REQUEST FOR ADMISSION NO. 16:**

When letters continued to come from F&G, Mr. Callender filed a complaint with the New York City Department of Consumer Affairs ("DCA") stating that he had been a victim of identity theft and that F&G was attempting to collect a debt that was not his.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

F&G objects to this request on the ground that it is vague and ambiguous as to the allegation "[w]hen letters continued to come from F&G." Subject to and without waiving the foregoing objections, F&G states that plaintiff filed a complaint with the New York City Department of Consumer Affairs ("DCA").

6

**REQUEST FOR ADMISSION NO. 17:**

In January 2013, Mr. Callender received a response from the DCA with an enclosed letter from F&G.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

F&G can neither admit nor deny the date in which plaintiff received a response from the DCA.

**REQUEST FOR ADMISSION NO. 18:**

The letter acknowledged that F&G had received the complaint letter and stated that it had been "advised by Discover Bank to cease all collection activity and that the account would be investigated by their fraud department."

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 19:**

On or around January 2, 2015, F&G filed an income execution with New York City Marshal Ronald Moses seeking enforcement of the vacated judgment against Mr. Callender—the same judgment that Discover Bank had obtained in 2005 and that the Court had vacated in 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

F&G admits the allegations in this request except denies that F&G knowingly sought enforcement of a vacated judgment.

**REQUEST FOR ADMISSION NO. 20:**

On or around January 5, 2015, the New York City Marshal F&G, served the income execution on Dollar Tree Stores, Inc., Mr. Callender's employer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

F&G can neither admit nor deny the date of service of the income execution but admits that an income execution as served on Dollar Tree Stores, Inc.

**REQUEST FOR ADMISSION NO. 21:**

Thereupon, Mr. Callender's employer began to garnish his wages beginning with the paycheck issued on or about January 23, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

F&G can neither admit nor deny the date of the paycheck but admits that an amount was garnished and then returned to plaintiff.

**REQUEST FOR ADMISSION NO. 22:**

F&G did not perform a meaningful attorney review of the particulars of Plaintiff's account before signing the income execution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied.

**REQUEST FOR ADMISSION NO. 23:**

F&G filed over 30,000 collection lawsuits in 2013 alone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

F&G objects to this request on the ground that it is irrelevant and to the extent that it is designed to harass or be argumentative.

**REQUEST FOR ADMISSION NO. 24:**

The debt for which Mr. Callender's wages were being garnished was the same Discover Bank claim that formed the basis of the 2005 lawsuit and the judgment he had successfully vacated in 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

F&G objects to this request on the grounds that it is vague, ambiguous and compound. Without waiving these objections and subject to same, F&G admits that plaintiff owed one debt to Discover Bank.

**REQUEST FOR ADMISSION NO. 25:**

On April 15, 2015, Mr. Callender's counsel wrote F&G, demanding that it cease garnishing his wages and restore to him all monies collected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

F&G states that it received a letter dated April 15, 2015 from plaintiff's counsel wherein F&G was notified for the first time that the default judgment had been previously vacated by plaintiff and the letter requested that F&G cease garnishing plaintiff's wages and return the money collected.

**REQUEST FOR ADMISSION NO. 26:**

After repeated phone calls and messages, F&G complied with this demand on April 23, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

F&G states that it sent a reimbursement check to plaintiff's counsel in a letter dated April 21, 2015 after F&G learned for the first time that the default judgment had been previously vacated by plaintiff.  F&G objects to the remaining allegations in this request on the grounds that they are vague, compound and ambiguous and, therefore, cannot be admitted or denied.

**REQUEST FOR ADMISSION NO. 27:**

Not only did Defendants collect on a vacated judgment, they collected on a vacated

9

judgement that itself was procured by the fraud of sewer service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

    Denied.

**REQUEST FOR ADMISSION NO. 28:**

    Defendants' conduct caused Mr. Callender to be deprived of his wages for months.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

    Denied.

**REQUEST FOR ADMISSION NO. 29:**

    As enumerated above, F&G violated N.Y. Gen. Bus. Law § 349 et seq. by using deceptive acts and practices in the conduct of their businesses that have broad impact on consumers at large. This includes seeking to collect on vacated (or otherwise invalid) judgments without performing any review, much less a meaningful attorney review, to determine the validity of the judgments being collected upon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

    Denied.  This request is also improper as it seeks a legal conclusion and is not a matter within the scope of Rules 36(a)(1) and 26(b)(1) of the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO. 30:**

    F&G have repeatedly been sued for collecting on vacated judgments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

    F&G objects to this request on the grounds that it is argumentative, irrelevant and designed to harass.

**REQUEST FOR ADMISSION NO. 31:**

    Several New York consumers have filed FDCPA lawsuits in the last two years against

F&G for collecting on vacated judgments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

F&G objects to this request on the grounds that it is argumentative, irrelevant and

designed to harass.

Dated:  Uniondale, New York
   April 15, 2016

         Yours, etc.,

         RIVKIN RADLER LLP
         Attorneys for Defendant
         FORSTER & GARBUS, LLP

By: _____
         CAROL A. LASTORINO, ESQ.
         926 RXR Plaza
         Uniondale, New York 11556-0926
         (516) 357-3000
         RR File No. 12607-1

TO: LAW OFFICE OF AHMAD KESHAVARZ
   Attorneys for Plaintiff
   16 Court St., 26th Floor
   Brooklyn, NY 11241-1026
   (718) 522-7900
   ahmad@newyorkconsumerattorney.com

3371777 v1

11

*Index No.*    1:15-CV-05813 (AKH)    *Year*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR CALLENDER,

Plaintiff,

-against-

FORSTER & GARBUS, LLP,

Defendants.

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS</u>

*Attorneys for*

RIVKIN RADLER LLP

FORSTER & GARBUS, LLP
926 RXR PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE#  012607-00002          /

*To:*

*Attorney(s) for*

*Service of a copy of the within*             *is hereby admitted.*

*Dated:*

..................................................................................

*Attorney(s) for*

*PLEASE TAKE NOTICE*

Check Applicable Box

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*         20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF           *one of the judges of the within named Court,*
SETTLEMENT *at*

     *on*               20   , *at*        M.

*Dated:*

RIVKIN RADLER LLP

*Attorneys for*

926 RXR PLAZA
UNIONDALE, NEW YORK 11556-0926

*To:*                                    FILE#        .       /