**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

VIVIAN FRANCIS

                                       Case No.: _____

                  **Plaintiff,**

       -against-

LVNV FUNDING, LLC
RESURGENT CAPITAL SERVICES, LP
FORSTER & GARBUS, LLP
ASSET RECOVERY SOLUTIONS, LLC

                  **Defendants.**

-------------------------------------------------------------------X

## ORIGINAL COMPLAINT

Plaintiff Vivian Francis brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, N.Y. Gen. Bus. Law § 349 *et seq* and for conversion, and in support would show as follows.

This suit regards, *inter alia*, Defendants' attempts to execute upon and otherwise collect on a vacated judgment, which itself was obtained via sewer service. Defendants collect putative judgments *en masse* knowing the putative judgments have been vacated or seeking to collect on judgments while consciously disregarding whether the judgments were vacated.

### A. JURISDICTION AND VENUE

1.     The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction

1

that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.  Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York.

## B.  PARTIES

3.  Plaintiff VIVIAN FRANCIS ("Mr. Francis") is an individual currently residing in Kings County, New York.

4.  Defendant RESURGENT CAPITAL SERVICES, LP ("Resurgent") is a limited partnership organized under the laws of the State of Delaware. Said Defendant engages in business in New York. This suit arose out of said Defendant's business in New York.

5.  Defendant LVNV FUNDING LLC ("LVNV") is a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York. This suit arose out of said Defendant's business in New York.

6.  Defendant FORSTER & GARBUS, LLP ("F&G") is a law firm and a limited liability partnership with its principal office at 60 Motor Parkway, Commack, New York, 11725. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.

7.  Defendant ASSET RECOVERY SOLUTIONS, LLC ("Asset") is an Illinois limited liability company with its principal place of business located at 2200 E. Devon Avenue, Suite 200, Des Plaines, Illinois 60018. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.

## C.  STATEMENT OF FACTS

2

8.      On or about July 15, 2010, LVNV, through F&G, filed a collections lawsuit against Mr. Francis in Kings County Civil Court, titled *LVNV Funding, LLC A/P/O Citibank v. Vivan Fancis*,[1] Index No. 065026-10/KI ("the collections lawsuit").

9.      LVNV is the putative owner of the debt. Resurgent Capital Services, LP is the master servicer for LVNV, responsible for taking all the affirmative actions to collect putative debts owned by LVNV, including retaining debt collection sub-servicers.

10.     LVNV is thus jointly and severally liable with Resurgent for the debt collection acts of Resurgent on behalf of LVNV. Therefore, the complaint will refer to LVNV and Resurgent as the LVNV Defendants.

11.     The sub-servicers retained by LVNV, through Resurgent, include non-attorney debt collectors and debt collection law firms such as F&G, to collect on the putative debts.

12.     F&G represented the LVNV Defendants in the collections lawsuit.

13.     As the party in the debt collection lawsuit, the LVNV Defendants are directly liable for the FDCPA and other violations they commit in the collection lawsuit and in any prior attempts to execute on the putative judgment.

14.     Further, the LVNV Defendants control or have a right to control their servicers and sub-servicers, such as F&G and Asset.

15.     For example, the LVNV Defendants have a detailed "operations manuals" that requires its sub-servicers to comply with a very specific methods when collecting onthe accounts of the LVNV Defendants. The "operations manuals" are over a hundred pages.

16.     The LVNV Defendants, through F&G, sought to collect an alleged debt of $5, 177.70 originally owed to "Citibank".

17.     Plaintiff was never served with the collections lawsuit.

---

1 The collection lawsuit was filed in the name of Vivan Fancis, but the correct name of Plaintiff is Vivian Francis.

18.     Defendants obtained a default judgment against Plaintiff by using a false affidavit of service. This is commonly known as a "sewer service" judgment.

19.     The affidavit of service of the summons and complaint in the collections lawsuit averred service upon "Vanessa 'Doe'" a person of suitable age at Plaintiff's address on Saturday, August 14, 2010.

20.     Notwithstanding the contents of the affidavit of service in the collections lawsuit, Mr. Francis was never actually served with the collections lawsuit. No one named Vanessa lived at his address when service was alleged, nor did anyone matching "Vanessa's" description.

21.     The process server, Michael Mosquera was a process server for Samserv, a process serving company.  Mr. Mosquera's process serving license with the New York Department of Consumer Affairs was suspended and then revoked for filing false affidavits of service. Both Mr. Mosquera and Samserv were Defendants in a class action lawsuit alleging they were part of an enterprise to obtain hundreds of thousands of default judgments via false affidavits of service. The case survived a motion to dismiss,[2] was certificated as a class, and had class certification upheld on appeal.

22.     Because Mr. Francis was never served, did not know he had been sued, and could not reasonably have known that he was sued, Mr. Francis did not answer the collections lawsuit.

23.     On or about November 8, 2010, the LVNV Defendants, through F&G, used the false affidavit to obtain a default judgment against Mr. Francis in the collections lawsuit for $7,372.00, which included pre-judgment interest and $255 in court costs.

24.     Defendants' application for default was signed by Joel D. Leiderman an attorney at

---

[2] *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, (S.D.N.Y. 2010). While Mr. Mosquera was dismissed from the suit for technical reasons dealing of the elements of a RICO claim, Id. at 427, the Complaint alleged multiple specific instances of Mr. Mosquera executing false affidavits of service. To be clear, Plaintiff is not bringing suit directly for the sewer service claim. Rather the fact that the underlying judgement was rendered via sewer service makes the execution of a vacated judgment all the more outrageous.

Forster & Garbus, LLP.

25.     Defendants' application for default included an "Affidavit of Merit" from Nikki Foster an "authorized representative" of LVNV.

26.     Oddly, the Affidavit of merit contended that the "credit grantor" was Providian Financial Corp., while the collection lawsuit asserted that the putative original creditor was Citibank.  The style of the collection lawsuit was "LVNV A/P/O CITIBANK."

27.     Eventually, Mr. Francis found out about the collections lawsuit and the judgment entered against him. Promptly thereafter, on or about November 26, 2010, Mr. Francis moved by order to show cause to vacate the sewer service judgment and dismiss the case for lack of jurisdiction (given that he was never served).

28.     Finding merit to the application, Civil Court Judge Devin P. Cohen signed the order to show cause that same day and set a hearing.

29.     The LVNV Defendants, through F&G, appeared on the date of the hearing.

30.     Finding merit to Plaintiff's application, on December 10, 2010, Civil Court Judge S. Garson, on consent, granted the application to vacate the sewer service judgment and discontinued the collection lawsuit without prejudice.

31.     That should have been the end of the story, at least in regards to the judgment. But it was not.

32.     Years later, the LVNV Defendants, through F&G, signed an income execution dated June 27, 2014, trying to collect on the judgment despite the fact that F&G was at the hearing vacating the default judgment. The execution is attached as Exhibit A.

33.     The Income Execution sought to collect $7,372.00 based on the vacated default judgment and "commanded" Mr. Francis' employer to "withhold and pay…installments amounting to

10%... of any and all salary, wages, or other income, including any and all overtime earnings, commissions or other irregular compensation not or hereafter becoming due…until the judgment with interest and the fees and expenses of this INCOME EXECUTION are fully paid and satisfied."

34.     The income execution also sought to collect $255 in court costs, which were not owed as the judgment had been vacated.

35.     More fundamentally, of course, given that the judgment had been vacated 4 years earlier, the LVNV Defendants and the Resurgent Defendants had no legal right to execute an income execution.

36.     When they signed the income execution, the LVNV Defendants and F&G knew and intended that the execution would eventually be delivered to Mr. Francis, which it was.

37.     On information and belief, F&G did not perform a meaningful attorney review of the particulars of Plaintiff's account before signing the income execution.

38.     Had F&G performed a meaningful attorney review, it would have, at a minimum, 1) reviewed F&G's own case file to see if there was an order vacating the (sewer service) judgment; and 2) reviewed the New York "ecourts" system which shows that a motion to vacate judgment was filed and was granted. *See* Exhibit B.

39.     F&G has filed over 30,000 collection lawsuits in 2013 alone in just the 68 courts available on the New York "e-courts" system, https://iapps.courts.state.ny.us/webcivil/ecourtsMain, which further suggests it does not perform a meaningful attorney review of the documents it executes.

40.     After Mr. Francis learned of the execution of his wages, things got worse.

41.     Mr. Francis then learned that Defendants had put a restraint on his bank account.

42.     Mr. Francis could not access the funds in his bank account, and, because of the restraint, Mr. Francis bounced at least one check.

43.     Mr. Francis was shocked, confused and upset by Defendants' actions. Not only had Mr. Francis vacated the judgment 4 years earlier, the fact that the judgment itself was entered via sewer service made the restraints and executions even more upsetting. Mr. Francis was embarrassed by having to speak with his employer about the income execution. He was frustrated by trying to get the bank to release his money, which took weeks. He was embarrassed and angry that his check bounced. He was upset that he did not have access to his own money, which he of course needed to live off of. He worried a lot that a judgment against him (whether valid or not) would damage his plans to buy a home. Defendants caused stress, anger, frustration, and other emotional distress that resulted in his inability to sleep for long periods of time. He would be upset, constantly thinking and worrying about what the Defendants were doing (and were going to continue to do to him in the future), so even when he was ultimately able to nod off, the sleep was not restful as he tossed and turned.

44.     Eventually, Mr. Francis was able to resolve the income execution with his employer and the restraint with the bank.

45.     But it was not over.

46.     Several months later, on or about February 14, 2015, the LVNV Defendants, through their sub-servicer Asset, sent Mr. Francis a collection letter seeking to collect the judgment (which of course had been vacated 5 years earlier).

47.     A common term in collection agreements is that the account is forwarded to the sub-servicer without warranties or explicitly disclaiming warranties of the validity of the debt and, on information and belief, that was true for the agreement between the Resurgent Defendants and

7

Asset.

48.    The letter sent by the LVNV Defendants, through Asset, demanded payment of $10,182.07. On information and belief, the amount demanded included the $255 in costs of court, which were not owed as the judgment was vacated.

49.    But still it was not over.

50.    The next month, the LVNV Defendants, through their subservicer Asset, sent Mr. Francis a collection letter dated April 17, 2015 seeking to collect the putative judgment (which, of course, had long been vacated). That letter is attached as Exhibit C, in incorporated by reference in its entirety.

51.    This letter was even worse.

52.    The amount claimed to be due was now up to $10,287.47. On information and belief, the amount demanded included the $255 in costs (and interest on those costs) that was not owed given that the judgment had been vacated.

53.    The April letter states: "Asset Recovery Solutions, LLC hereby accepts your offer to pay on the above-referenced account. The payment arrangement details are below: Your payment agreement frequency is: BALANCE IN FULL Your payment agreement payment amount is $10287.47 Your payment agreement first due date is 05/16/2015".

54.    However, Mr. Francis never made any "offer to pay on the above-referenced account" as stated in the April letter.

55.    Mr. Francis never agreed to pay the "BALANCE IN FULL".

56.    Mr. Francis never agreed to make a payment amount of "$10287.47".

57.    Mr. Francis never agreed that the first due date was "05/16/2015".

58.    The April letter states that it is collecting on the *judgment*, not just the alleged debt and

represents that LVNV and Asset have the authority to collect on the judgment. Of course, the judgment was vacated in 2010. Neither the LVNV Defendants nor Asset had any right to collect on the judgment when they sent the April letter.

59.     The April letter caused Mr. Francis to again feel shocked, confused and upset. The new letters brought back all of the anger and upset he had felt when he first found out about the sewer service judgment five years prior, and when he found out about the income execution and had his bank account restrained. He had put a great deal of effort into fixing all of the problems Defendants had caused because of the sewer service judgment and the illegal executions and restraints, and now he had to deal with the letters demanding over $10,000, and falsely stating that he had agreed to (and was required to pay) over $10,000. Mr. Francis did not know what he could do to finally get the Defendants to stop trying to enforce the vacated judgment. He worried a lot that a judgment against him (whether valid or not) would damage his plans to buy a home. In all, LVNV, F&G and Asset made him distraught. Yet again, Defendants caused stress, anger, frustration, and other emotional distress that resulted in Mr. Francis being unable to sleep.  Yet again, Defendant caused Mr. Francis to be upset, constantly thinking and worrying about what the Defendants were doing (and were going to continue to do to him in the future), so even when he ultimately able to nod off, the sleep was not restful as he tossed and turned.

60.     The Resurgent Defendants have repeatedly been sued for collecting on vacated judgments. The undersigned alone has brought four FDCPA lawsuits in the last two years against the Resurgent Defendants for collecting on vacated judgments.[3] Similarly this is the second FDCPA lawsuit in just the last year against Asset for collecting on a vacated judgment.[4]

---

3 *See Rosas v. Arrow Financial Services, LLC et al*, 1:14-cv-06462-MKB-JO (EDNY); *O'Neill v. LVNV Funding, LLC et al*, 1:14-cv-07636-ER-DCF (SDNY); *Martinez v. LVNV Funding LLC et al*, 1:14-cv-00677-RRM-MDG (EDNY); *Gomez v. Inovision-Medclr Portfolio Group, LLC et a*l, 1:13-cv-07395-RWS (SDNY).
4 *Rosas v. Arrow Financial Services, LLC et al*, 1:14-cv-06462-MKB-JO (EDNY);

61.     Given the repeated attempts to collect on Mr. Francis, along with the number of suits in just the last two years and the evidence in those suits, the Resurgent Defendants are sending out judgments *en masse* for executions or other further collections while knowing the judgments are invalid, or at the very least, seeking to collect on judgments while consciously disregarding whether the judgments were vacated.  Further, the Resurgent Defendants forward the putative judgments to sub-servicers such as F&G and Asset who take no steps to verify the existence of the putative judgments prior to collection, despite that each of them could do so by looking on the ecourts website or, for F&G, looking at their own file. For these reasons and others, all Defendants should be enjoined under GBL 349 for engaging in similar future acts, and punitive damages should be rendered against the Resurgent Defendants and F&G for conversion in their post-judgment collections.

## D.     COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

63.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); see also *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

64.     Congress designed the FDCPA to be enforced primarily through private parties – such as

10

plaintiff – acting as "private attorneys general." *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

65.    The obligation alleged to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

66.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

67.    Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

68.    LVNV is a "debt collector" because it purchases charged off consumer accounts after they are in default with the putative original creditor and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits.

69.    Resurgent is a "debt collector" because it attempts to collect alleged debts owned by others – including LVNV –by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls.

70.    Resurgent is the master servicer for LVNV responsible for collecting debts owned by

LVNV. Resurgent collects these debts directly or through sub-servicers, including collection law firms.

71. On information and belief, Resurgent exercises control or has the right to exercise control over the accounts it sends to sub-servicers.

72. F&G is a law firm engaged in the business of collecting debts by filing thousands of collection lawsuits on behalf of putative creditors or debt buyers; by making thousands of collection phone calls; and by sending out thousands of collection letters.

73. F&G has filed over 30,000 collection lawsuits in 2013 alone in just the 68 courts available on the New York "e-courts" system, https://iapps.courts.state.ny.us/webcivil/ecourtsMain.

74. F&G regularly collects consumer debts alleged to be due to another, and that is its primary purpose.

75. F&G is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

76. Asset is a "debt collector" as defined by the FDCPA because it purchases or services thousands of alleged consumer debts after those debts are in default with the putative original creditor.

77. Asset attempts to directly collect these debts by regularly making telephone calls and sending collection letters, such as those sent to Plaintiff, and that is Asset's primary purpose.

78. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

79. Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the

following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the false representation or implication that any individual is an attorney or that any communication is from an attorney; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Asset also violated 15 U.S.C. § 1692g by i*nter alia*, not correctly stating the amount of the debt in its initial communication.


## E.   NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

80.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

81.   New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

82.   An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

83.     As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 et seq. by using deceptive acts and practices in the conduct of their businesses.

84.     This includes continuing to collect on judgments (including sewer service judgments) after those judgments have been vacated.

85.     Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the hundreds of consumers in the state of New York who have been victims of "sewer service" and have had vacated judgments executed upon.

86.     Defendants committed the above described acts willfully and/or knowingly.

87.     Defendants' wrongful and deceptive acts caused injury and damages to Plaintiff.

88.     As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual and treble damages, costs and attorney's fees.

### F.     CONVERSION (as to the LVNV Defendants and F&G)

89.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

90.     The conversion claims are brought against the LVNV Defendants and F&G, not Asset.

91.     The elements of conversion in New York State include: 1) having a possessory interest in property; and 2) having the possessory interest taken or interfered with by another in a manner that is contrary to the possessor's rights.

92.     Property subject to conversion includes, *inter alia*, readily identifiable funds from a bank account.

93.     Defendants LVNV and F&G intentionally and without authority, assumed and exercised control over Plaintiff's wages and money, interfering with his right to possession of the same, *by*

14

*inter alia*: a) issuing an income execution on his employer pursuant to a judgment that was not valid, and was known not to be valid; and b) issuing a restraint on his bank account and withdrawing funds pursuant to a judgment that was not valid, and was known not to be valid; c) directing a Marshal to seize the money from his bank and charge fees for levying despite the Resurgent Defendants and F&G having received notice that the judgment was vacated years earlier; and d) causing bank fees and charges to be incurred.

94.     Defendants' improper restraint of Plaintiff's money without qualification, which harmfully interfered with Plaintiff's rights to control his own property, constitutes conversion.

95.     For the reasons stated in the statement of facts, the conduct of the LVNV Defendants and F&G is gross, wanton or deliberate and demonstrates a high degree of moral culpability. Further, said Defendants conduct as alleged in the statement of facts demonstrates malice, insult, and/or willful or reckless disregard of Plaintiff's rights, or other aggravated acts by said Defendants.

96.     For these reasons, Plaintiff is entitled to punitive damages, in addition to actual damages. Actual damages include loss of use of money for the period the LVNV Defendants and F&G wrongfully exercised dominion and control over Plaintiff's wages and money. Plaintiff suffered resulting emotional distress and disruption of his daily life as further discussed in the Statement of Facts.

## G.     JURY DEMAND.

97. Plaintiff demands a trial by jury.

## H.     PRAYER

98. WHEREFORE, Plaintiff requests the following relief:

a.     A declaration that all Defendants have committed the violations of law alleged in this action;

b.   An order enjoining and directing all Defendants to cease violating G.B.L. § 349 *et seq.*;

c.   Statutory damages under 15 U.S.C. § 1692k;

d.   An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k and G.B.L. § 349;

e.   A judgment for actual, statutory, punitive, and exemplary damages;

f.   Prejudgment and post judgment interest as allowed by law;

g.   All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated:  Brooklyn, New York
        June 26, 2015

Respectfully submitted,

/s/

Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

# EXHIBIT A

LVNV FUNDING LLC
A/P/O CITIBANK

*Installments paid to*........................................
<br>*(date)*

*have satisfied the judgment to the extent of*
$........................................*principal and*
$........................................*interest*
........................................
<br>County

JUDGMENT DEBTOR(S) Name and Last Known Address

*Returned to the judgment creditor or his*
*attorney on* ........................................*because of*
<br>*(date)*

*inability to find garnishee in the county.*
........................................
<br>County

VIVAN FANCIS
350 RUTLAND RD
APT1
BROOKLYN, NY 11225

THE PEOPLE OF THE STATE OF NEW YORK

**ACCOUNT #:** LC7R183013

**TO THE ENFORCEMENT OFFICER, GREETING:** The enforcement officer is the Sheriff, Marshal of the City or Constable of the Town or Village authorized by law to enforce Income Executions. A judgment was entered in the ( CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS ), ( 65026/10 ) in favor of the judgment creditor and the particulars are as follows:

| Entry Date | Original Amount | Amount Due | Plus Interest from | Transcript Filed | County Filed |
|---|---|---|---|---|---|
| 11/08/2010 | $7,372.00 | $7,372.00 | 11/08/2010 | | |

This Execution is issued against      VIVAN FANCIS

, whose last known address is   350 RUTLAND RD            APT1
                               BROOKLYN, NY 11225
whose Social Security Number is                  and who is receiving or will receive $217.50 for each weekly pay period from the Employer.

## Notice to the Employer

**Employer:**   HOSP FOR SPECIAL SURGRY

**Corporate Payroll Address:**

If **payroll** is **processed** by your **Corporate Office** please forward this garnishment to them.

**New York Service Address:**
535 70TH ST
NEW YORK NY 10021

If you require a **Social Security Number** to identify the judgment debtor, please contact Forster & Garbus at 1-800-245-9943, EXT 500

This Income Execution only applies if the judgment debtor works within the State of New York. If your records reflect that the judgment debtor's work location is outside of New York State, this Income Execution should not be put into effect.

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR sec 5231.

Directions to Judgment Debtor: You are notified and commanded immediately to start paying to the Enforcement Officer serving a copy of this INCOME EXECUTION on you: installments amounting to 10% (but no more than the Federal limits set forth in 1. Limitations on the amount that can be withheld, on reverse side) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such Installments until the judgment with interest and the fees and expenses of this Income of Execution are fully paid and satisfied and if you fail to do so within 20 days of this Income Execution will be served upon the Employer by the Enforcement Officer.

Directions to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this INCOME EXECUTION on you; installments amounting to 10% (but no more than the Federal limits set forth in 1. Limitations on the amount that can be withheld, on reverse side) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this INCOME EXECUTION are fully paid and satisfied.

**DATED:**    6/27/14

_____
Ronald J. Ferraro / Olivia DeBellis

Attorney(s) for Judgment Creditor
Office and Post Office Address

Forster & Garbus LLP
60 Motor Parkway
P.O. Box 9030
Commack, N.Y. 11725-9030

Telephone: (631) 393-9400

(Please note that we are required, under Federal Law, to advise you that we are debt collectors. Any information we obtain will be used in attempting to collect this debt.)

INEK_COPY2

# EXHIBIT B

Case 1:15-cv-03513-AKH Document 37-20 Filed 05/09/17 Page 20 of 33





*WebCivil Local - Motion Detail*

Court: **Kings County Civil Court**
Index Number: **CV-065026-10/KI**
Case Name: **LVNV FUNDING LLC vs. VIVAN FANCIS**
Case Type: **Civil**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Nature of Decision/Judge | Decision Date | Order Signed Date |
|---|---|---|---|---|---|---|
| 001 | 11/26/2010 | Defendant | Vacate Judgment | Granted - Index Disposed<br>Before Judge: Honorable Robin S. Garson | | |

Close

# EXHIBIT C

ASSET RECOVERY SOLUTIONS, LLC
2200 E DEVON AVENUE  SUITE 200
DES PLAINES, IL  60018



Statement Date:        April 17, 2015
ID Number:             7572561-800
Original Creditor:     CITIBANK (SOUTH DAKOTA)  N.A.
Current Creditor:      LVNV FUNDING LLC
Account Number:        Redacted
Total Current Balance: $10287.47

Judgment Date:         November 8, 2010

VIVAN FANCIS

As we discussed, Asset Recovery Solutions, LLC hereby accepts your offer
to pay on the above-referenced account.  The payment arrangement details
are below:

Your payment agreement frequency is:  BALANCE IN FULL

Your payment agreement payment amount is:  $10287.47

Your payment agreement first due date is:  05/16/2015


Licensed by the New York City Department of Consumer Affairs, license
# 1309086

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C.
1692 et seq., Asset Recovery Solutions, INC  is prohibited from
engaging in abusive, deceptive, and unfair debt collection efforts,
including but not limited to: (i) the use or threat of violence;
(ii) the use of obscene or profance language; and (iii) repeated phone
calls made with the intent to annoy, abuse, or harass.

If a creditor receives a money judgment against you in court, state and
federal laws may prevent the following types of income from being taken
to pay the debt:

Supplemental security income, (SSI); Social security; Public assistance
(welfare); Spousal support, maintenance (alimony) or child support;
Unemployment benefits; Disability benefits; Workers' compensation
benefits; Public or private pensions; Veterans' benefits; Federal
student loans, federal student grants, and federal work study funds;
Ninety percent of your wages or salary earned in the last sixty days.


SEE PAGE 2....................

Office Hours:  Mon-Fri 8am - 9pm Central   Saturday 8am-12pm Central

PAGE 2



Nothing contained within this letter changes or in any way limits any
of your legal rights, including your rights as set forth in our first
letter to you about this account.

This is an attempt to collect a debt and any information obtained will
be used for that purpose.   This communication is from a debt collector.


Sincerely,
Asset Recovery Solutions, LLC
877-518-8333
Extension:   264

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VIVIAN FRANCIS | LVNV FUNDING LLC;  RESURGENT CAPITAL SERVICES, LP;  FORSTER & GARBUS, LLP; ASSET RECOVERY SOLUTIONS, LLC. |

| | | |
|---|---|---|
| **(b)** County of Residence of First Listed Plaintiff    Kings <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED | |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* <br> Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court St., <br> 26th Floor, Brooklyn, NY, (718) 522-7900. | Attorneys *(If Known)* | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ◻ 1   U.S. Government <br> Plaintiff | ☒ 3   Federal Question <br> *(U.S. Government Not a Party)* |
| ◻ 2   U.S. Government <br> Defendant | ◻ 4   Diversity <br> *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated *or* Principal Place <br> of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a <br> Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance <br> ◻ 120 Marine <br> ◻ 130 Miller Act <br> ◻ 140 Negotiable Instrument <br> ◻ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ◻ 151 Medicare Act <br> ◻ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ◻ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ◻ 160 Stockholders' Suits <br> ◻ 190 Other Contract <br> ◻ 195 Contract Product Liability <br> ◻ 196 Franchise | **PERSONAL INJURY** <br> ◻ 310 Airplane <br> ◻ 315 Airplane Product <br> Liability <br> ◻ 320 Assault. Libel & <br> Slander <br> ◻ 330 Federal Employers' <br> Liability <br> ◻ 340 Marine <br> ◻ 345 Marine Product <br> Liability <br> ◻ 350 Motor Vehicle <br> ◻ 355 Motor Vehicle <br> Product Liability <br> ◻ 360 Other Personal <br> Injury <br> ◻ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ◻ 365 Personal Injury - <br> Product Liability <br> ◻ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ◻ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ◻ 370 Other Fraud <br> ◻ 371 Truth in Lending <br> ◻ 380 Other Personal <br> Property Damage <br> ◻ 385 Property Damage <br> Product Liability | ◻ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ◻ 690 Other <br><br><br><br> **LABOR** <br> ◻ 710 Fair Labor Standards <br> Act <br> ◻ 720 Labor/Management <br> Relations <br> ◻ 740 Railway Labor Act <br> ◻ 751 Family and Medical <br> Leave Act <br> ◻ 790 Other Labor Litigation <br> ◻ 791 Employee Retirement <br> Income Security Act | ◻ 422 Appeal 28 USC 158 <br> ◻ 423 Withdrawal <br> 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ◻ 820 Copyrights <br> ◻ 830 Patent <br> ◻ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ◻ 861 HIA (1395ff) <br> ◻ 862 Black Lung (923) <br> ◻ 863 DIWC/DIWW (405(g)) <br> ◻ 864 SSID Title XVI <br> ◻ 865 RSI (405(g)) | ◻ 375 False Claims Act <br> ◻ 400 State Reapportionment <br> ◻ 410 Antitrust <br> ◻ 430 Banks and Banking <br> ◻ 450 Commerce <br> ◻ 460 Deportation <br> ◻ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☒ 480 Consumer Credit <br> ◻ 490 Cable/Sat TV <br> ◻ 850 Securities/Commodities/ <br> Exchange <br> ◻ 890 Other Statutory Actions <br> ◻ 891 Agricultural Acts <br> ◻ 893 Environmental Matters <br> ◻ 895 Freedom of Information <br> Act <br> ◻ 896 Arbitration |
| **REAL PROPERTY** <br> ◻ 210 Land Condemnation <br> ◻ 220 Foreclosure <br> ◻ 230 Rent Lease & Ejectment <br> ◻ 240 Torts to Land <br> ◻ 245 Tort Product Liability <br> ◻ 290 All Other Real Property | **CIVIL RIGHTS** <br> ◻ 440 Other Civil Rights <br> ◻ 441 Voting <br> ◻ 442 Employment <br> ◻ 443 Housing/ <br> Accommodations <br> ◻ 445 Amer. w/Disabilities - <br> Employment <br> ◻ 446 Amer. w/Disabilities - <br> Other <br> ◻ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ◻ 463 Alien Detainee <br> ◻ 510 Motions to Vacate <br> Sentence <br> ◻ 530 General <br> ◻ 535 Death Penalty <br> **Other:** <br> ◻ 540 Mandamus & Other <br> ◻ 550 Civil Rights <br> ◻ 555 Prison Condition <br> ◻ 560 Civil Detainee - <br> Conditions of <br> Confinement | **IMMIGRATION** <br> ◻ 462 Naturalization Application <br> ◻ 465 Other Immigration <br> Actions | **FEDERAL TAX SUITS** <br> ◻ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ◻ 871 IRS—Third Party <br> 26 USC 7609 | ◻ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ◻ 950 Constitutionality of <br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1  Original <br> Proceeding | ◻ 2  Removed from <br> State Court | ◻ 3   Remanded from <br> Appellate Court | ◻ 4  Reinstated or <br> Reopened | ◻ 5  Transferred from <br> Another District <br> *(specify)* | ◻ 6  Multidistrict <br> Litigation |

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: <br> The Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. <br> Brief description of cause <br> Violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. |
|---|---|

| **VII. REQUESTED IN COMPLAINT:** | ◻ CHECK IF THIS IS A CLASS ACTION <br> UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint <br> **JURY DEMAND:**  ☒ Yes    ◻ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions):* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE  June 26, 2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Ahmad Keshavarz          , counsel for Plaintiff          , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☒  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County:

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes          ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain)   ☒ No

I certify the accuracy of all information provided above.

Signature

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| VIVIAN FRANCIS | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| LVNV FUNDING, LLC. et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ASSET RECOVERY SOLUTIONS, LLC, 2200 E. Devon Avenue, Suite 200, Des Plaines, Illinois 60018.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, NY 11241

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____06/26/2015_____      _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| VIVIAN FRANCIS | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| LVNV FUNDING, LLC. et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  FORSTER & GARBUS, LLP, 60 Motor Parkway, Commack, New York, 11725.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, NY 11241

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____06/26/2015_____                    _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| VIVIAN FRANCIS | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| LVNV FUNDING, LLC. et al | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LVNV FUNDING LLC, served by and through the New York Secretary of State, Department of State office, located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, NY 11241

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____06/25/2015_____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

VIVIAN FRANCIS

_____
*Plaintiff*

v.

LVNV FUNDING, LLC. et al

_____
*Defendant*

) ) ) ) ) ) )

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  RESURGENT CAPITAL SERVICES, LP, served by and through the New York
Secretary of State, Department of State office, located at One Commerce Plaza,
99 Washington Avenue, Albany, NY 12231.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, NY 11241

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____06/25/2015_____            _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: