## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

VICTOR CALLENDER

             Case No.: 1:15-cv-05813-AKH

        **Plaintiff,**

   **-against-**

**FORSTER & GARBUS, LLP**

       **Defendants.**

-------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER [DE 106] DENYING FDCPA EMOTIONAL DISTRESS DAMAGES

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................1

II.    PROCEDURAL HISTORY..............................................................................................1

III.   ORAL AND WRITTEN ORDERS ON SECOND SUMMARY JUDGMENT CROSS-MOTIONS .......................................................................................................................2

IV.   STANDARD FOR MOTION FOR RECONSIDERATION………………...………. 5

V.    ARGUMENT....................................................................................................................5

      A.   Defendant never argued in its Summary Judgment papers that Plaintiff did not suffer actual damages for its violations of the FDCPA, or even injury under GBL 349 ........6

      B.   Even though neither party sought summary judgment as to FDCPA actual damages, Plaintiff's Summary Judgment Opposition and supporting 56.1 Statement and Declaration Exhibits contained extensive emotional distress evidence........................6

      C.   Plaintiff affirmatively moved for summary judgment as to FDCPA and GBL 349 liability, but whether Plaintiff suffered FDCPA actual damages was never put at issue....................................................................................................................9

      D.   At oral argument Plaintiff clearly articulated the specific summary judgment evidence in the 56.1 Statement and supporting Declaration Exhibits demonstrating Plaintiff's FDCPA emotional distress damages..........................................................................11

      E.   To the degree the Court suggests FDCPA actual damages can be limited based on the intent of the Defendant, this is clear error...................................................................14

VI.   CONCLUSION: RELIEF REQUESTED........................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993)......................................15, 16

*Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 U.S. Dist. LEXIS 3165 (S.D.N.Y. Mar. 22, 2001) ...................................................................................................................................5

*Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir.2012). ..................................................................12

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, No. 15-CV-2741 JSR, 2015 WL 6437493(S.D.N.Y. Oct. 21, 2015)....................................................

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995). ..............................................................5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)............................5

*Wechsler v. Hunt Health Sys.*, 186 F.Supp.2d 402 (S.D.N.Y. 2002).............................................5

**Rules**

Fed. R. Civ. P. 8.............................................................................................................................2, 6

Fed. R. Civ. P. 56(c).......................................................................................................................17

Fed. R. Civ. P. 56(e).......................................................................................................................17

Fed. R. Civ. P. 56(e) Cmt. 18.........................................................................................................17

Fed. R. Civ. P. 56(e) Cmt. 21.........................................................................................................17

Fed. R. Civ. P. 59(e).........................................................................................................................5

Local Rule 6.3...................................................................................................................................5

**Statutes**

15 U.S.C. § 1692e...............................................................................................................................3

15 U.S.C. § 1692e(2)(A).................................................................................................................2, 3

15 U.S.C. § 1692e(3)..........................................................................................................................2

15 U.S.C. § 1692e(3)..........................................................................................................................2

15 U.S.C. § 1692e(3)..........................................................................................................................2

15 U.S.C. § 1692f................................................................................................................................3

15 U.S.C. § 1692f(1)...........................................................................................................................2

15 U.S.C. § 1692k(a)(2).....................................................................................................................15

15 U.S.C. § 1692k(a)(2)(A). .............................................................................................................16

15 U.S.C. § 1692k(b). ...............................................................................................16

15 U.S.C. § 1692k(b)(1). .....................................................................................15, 16

15 U.S.C. § 1692k(a)(2)...........................................................................................15

15 U.S.C. § 1692k(a)(2)...........................................................................................15

N.Y. Gen. Bus. Law § 349 ................................................................................. *passim*

**Treatises**

18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478 (2d ed. 2007) .......2

# I.    INTRODUCTION

Plaintiff Victor Callender ("Plaintiff" or "Mr. Callender") hereby submits this Memorandum of Law in Support of his Motion for Reconsideration of this Court's December 5, 2017 Summary Judgment Order, DE 106. Specifically, Plaintiff seeks reconsideration of the ruling that Plaintiff is not entitled to a jury question on actual damages for garden variety emotional distress for Defendant's violations of the Fair Debt Collections Practices Act (FDCPA).

# II.    PROCEDURAL HISTORY

On July 24, 2015 Plaintiff filed the Original Complaint in this action [DE 1]. On November 6, 2015 Plaintiff filed a First-Amended Complaint and added Discover Bank as a defendant. [DE 19]. On December 10, 2015, Defendant F&G filed an answer. [DE 29]. On March 3, 2015 Plaintiff voluntarily dismissed Discover Bank [DE 43].

On December 9, 2016, the parties filed their initial cross-motions for partial summary judgment [DE 49 (Defendant's Motion), DE 52 (Plaintiff's Motion)]. Plaintiff moved for summary judge for liability for his FDCPA claims. F&G filed for summary judgment as to Plaintiff's GBL 349 claim, and Plaintiff's claim for punitive damages for the GBL 349 violation and for conversion. On February 16, 2017, the Court issued an ECF order [DE 71] denying Plaintiff's motion for summary judgment. That same day the Court issued another ECF order [DE 72] granting Defendant's motion for summary judgment. The Court dismissed Plaintiff's GBL § 349 and conversion claims, with leave to re-file.

On March 10, 2017, Plaintiff filed a Second-Amended Complaint, [DE 73]. Defendant answered on March 23, 2017, raising, *inter alia*, the affirmative defense of bona fide error. [DE 75, ¶ 213]. On April 3, 2017, Plaintiff filed a motion to strike the bona fide error defense for lack

of particularity, [DE 77], and on April 14, 2017 Defendant filed an Amended Answer to Second Amended Complaint withdrawing the bona fide error defense. [DE 79].

On May 9, 2017 he parties filed their second cross-motions for summary judgment [DE 80 (Defendant's Motion), DE 84 (Plaintiff's Motion)]. Plaintiff sought summary judgment as to liability under the FDCPA, GBL 349, and for the tort of conversion. Defendant sought summary judgment as to Plaintiff's GBL 349 claim and Plaintiff's claims for punitive damages for conversion and GBL 349. Defendant also sought to strike Plaintiff's Second-Amended Complaint pursuant to Fed.R.Civ.P. 8.

On October 18, 2017 the Court heard oral argument on the summary judgment cross-motions.

### III.     ORAL AND WRITTEN ORDERS ON SECOND SUMMARY JUDGMENT CROSS-MOTIONS

At the conclusion of October 18, 2017 summary judgment oral argument the Court issued an oral order on the record resolving most, but not all, of the cross-motion issues. (the "Oral Order). *See* Exh. A to 01/17/2018 Keshavarz Declaration (Transcript of October 18, 2017 oral argument) ("Transcript"). The Oral Order granted Plaintiff summary judgment on his FDCPA claim under 15 U.S.C. § 1692f(1) against Defendant for garnishing Plaintiff's wages based on a vacated judgment. Transcript p. 22:4-10. The oral order granted also Plaintiff summary judgment for his 1692e(2)(A) claim for Defendant impliedly representing to Plaintiff, by garnishing his wages, that Defendant had a judgment upon which it had a legal right to garnish. *Id.* 22:11 – 23:12.[1] The Oral Order denied Plaintiff's claim under 1692e(3) and GBL 349 for

---

[1] While one line in the transcript states the Court does not find liability under 1692e(2)(A) (Transcript p. 22:11) the subsequent three paragraphs (*Id.* p. 22:12 – 23:12) indicates the Court reversed course and concluded there was a violation of that section. *See* especially Transcript 23:9-12 ("Nevertheless, there having been a representation made, even though implied that the step was legal, Section 1692e(2A) is technically violated.")

allegedly failing to perform a meaningful attorney review. *Id*. 22:11–25:5, 25:15-17. The Oral Order held Defendant committed conversion when it garnished Mr. Callender's wages based on the vacated judgment. *Id*. p. 25:24-26:1. However, oral order held "there was no bad faith to justify any kind of damages of conversion, nor any punitive damages." *Id*. p. 26:1-3.

At oral argument the Court *sua sponte* raised the issue of what actual damages Plaintiff suffered for Defendant's FDCPA violation of garnishing Plaintiff's wages based on a vacated judgment. Counsel for Plaintiff explained in specific language the garden variety emotional distress Plaintiff suffered. *Id*. pp. 33:6-18, 34:1-24; *see also Id*. pp. 10:23-11:19 (putting emotional distress in context). The Court reserved decision on the issue of statutory and actual damages under the FDCPA. *Id*. p. 35:20, 21.

On December 5, 2017, the Court issued DE 106, the Order Resolving Cross Motions for Summary Judgment ("Written Order"). The Written Order stated that for "the reasons stated on the record, and **supplemented herein**" the Court ruled on the cross motions as follows." (emphasis added). Much of the Written Order was the same as the Oral Order. The Written Order held Defendant violated 1692f "by collecting on a vacated judgement and having plaintiff's wages garnished." Written Order p. 3. The Written Order held that Defendant is not liable under 1692e(3) or under GBL 349 for allegedly failing to perform a meaningful attorney review prior to issuing the garnishment. The Written Order held Defendant violated 1692e(2(A) for sending a collection letter seeking to settle a judgment that had in fact been vacated. *Id*. pp. 4, 5. The Court held Defendant did not violate 1692e or 1692f for sending collection letters beginning in 2010 and factoring costs of court into the amount alleged due because at the time of the letters the

judgment was valid.[2]  The Court held Plaintiff did not demonstrate willful misconduct by Defendant sufficient to sustain a claim for punitive damages under GBL 349 or under conversion. *Id*. p. 6. The Written Order, however, did find Plaintiff suffered actual damages for conversion for the $5.44 in interest for the $204.19 in wrongfully garnished wages that Defendant wrongfully held for four months. *Id*. p. 5, 6.

Critically, the Court ruled for the first time in the Written Order that Plaintiff is "entitled to no actual damages for emotional distress" for his FDCPA claim. Written Order p. 3[3].  The Court acknowledged that the FDCPA allowed for the award of both actual and statutory damages. *Id*., p. 3. However, the court held, "Plaintiffs conclusory allegations that the garnishment occurred at a difficult time in his life does not establish any legitimate basis for emotional distress damages." *Id*. Moreover, while the FDCPA is a strict liability statute, the Court considered whether Defendant's FDCPA violation was "willful" and "defendant's culpability" in deciding in awarding FDCPA ***actual*** damages. *Id*.

Plaintiff respectfully requests reconsideration as to the Court's holding that Plaintiff

---

[2] As an aside, Plaintiff also seeks reconsideration of the holding that Defendant did not improperly inflate the amount alleged due by factoring in costs of court. Defendant never moved for summary judgment against any of Plaintiff's claims. Plaintiff affirmatively moved for summary judgment on his FDCPA claims.  However, Plaintiff never argued that Defendant's collection letters wrongfully factored costs of Court. Rather, Plaintiff argued that Defendant sought to garnish an amount that included costs of court. *See* DE 97 Pl. MSJ MOL pp. 10, 11. Defendant never denied this. Instead, Defendant simply noted the undisputed fact that "there was a valid judgment in favor of Discover Bank when plaintiff's account was referred to F&G for collection." DE 89, Def. Opp to Pl. MSJ p. 19.  But this is a non-sequitur.  Plaintiff was seeking to hold Defendant liable for not only garnishing on a non-existent judgment, but seeking an amount in that garnishment that factored costs of court (and interest thereon) when none were owed as the judgment was vacated. *See* DE 97 Pl. Reply Supporting His MSJ, pp. 11, 12.

[3] The full section of the Written Order as to FDCPA actual damages is as follows:

> Based on the proof offered by plaintiff in his papers, he is entitled to no actual damages for emotional distress. Plaintiff's conclusory allegations that the garnishment occurred at a difficult time in his life does not establish any legitimate basis for emotional distress damages. Moreover, although defendant has violated the FDCPA, there is no indication that the violation was willful, and the funds were returned to plaintiff as soon as F&G was notified of the error. *See Bentley*, 6 F.3d at 63 (instructing that under the FDCPA, "the degree of a defendant's culpability may ... be considered in computing damages").

Written Order, pp. 3, 4.

suffered no FDCPA actual damages. The Court did hold that Plaintiff is entitled to the maximum

FDCPA statutory damages of $1,000 "based on the seriousness of [Defendant's] conduct." *Id*.

Plaintiff does not seek reconsideration of the holding as to FDCPA statutory damages.

## IV.     STANDARD OF REVIEW FOR RECONSIDERATION.

Fed.R.Civ.P. 59(e) and Local Rule 6.3 govern the filing of motions for reconsideration

in this District.   A motion for reconsideration is to "be granted when the Court did not

evaluate decisions or data that might reasonably be expected to alter the conclusion reached by

the Court." *Wechsler v. Hunt Health Sys.*, 186 F.Supp.2d 402, 410 (S.D.N.Y. 2002). "Thus, to

be entitled to reargument and reconsideration, the movant must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying

motion." *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 U.S. Dist. LEXIS 3165 at

*3 (S.D.N.Y. Mar. 22, 2001).

"The major grounds justifying reconsideration are 'an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d

Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE &

PROCEDURE § 4478 (2d ed. 2007)). This standard is "strict," and reconsideration should be

granted only if "the moving party can point to controlling decisions or data that the court

overlooked -- matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.

1995).

## V.     ARGUMENT.

Plaintiff respectfully requests the Court reconsider its order [DE 106] insofar as it holds

that Plaintiff suffered no actual damages for Defendant's FDCPA violation of garnishing Plaintiff's wages based on a vacated judgment.

**A. Defendant never argued in its Summary Judgment papers that Plaintiff did not suffer actual damages for its violations of the FDCPA, or even injury under GBL 349.**

This issue of whether Plaintiff stated a claim for FDCPA actual damages was never before the Court in the summary judgment papers of any party. Defendant never sought summary judgment as to *any* of Plaintiff's FDCPA claims, much less as to emotional distress or other actual damages for violations of the FDCPA. *See* Def. MSJ MOL, DE 83. Instead, Defendant sought summary judgment against Plaintiff's GBL 349 claim, arguing that Defendant's conduct was not consumer-oriented or deceptive. *Id*. pp. 5-12. (Defendant did not seek summary judgment on the GBL 349 element of "injury.") Defendant also argued at summary judgment that Plaintiff failed to set forth a basis for punitive damages under conversion or GBL 349. *Id*. pp. 12-14. Lastly, Defendant argued Plaintiff's Second Amended Complaint should be dismissed for failing to comply with Fed.R.Civ.P. 8. *Id*. pp. 14-18.

Plaintiff cannot be expected to brief summary judgment as to an element Defendant never challenged. To grant summary judgment on a matter Defendant never put at issue constitutes unfair surprise. This justifies granting Plaintiff's motion for reconsideration as to the issue of FDCPA actual damages.

**B. Even though neither party sought summary judgment as to FDCPA actual damages, Plaintiff's Summary Judgment Opposition and supporting 56.1 Statement and Declaration Exhibits contained extensive emotional distress evidence.**

As Defendant did not even put the "injury" element of the GBL 349 claim at issue in its summary judgment response, Plaintiff only offered a single sentence as to injury. "Defendant's

conduct harmed Mr. Callender because it caused him to be deprived of his wages at a time of great financial hardship for Mr. Callender and his family. [DE 86, Pl. 56.1] ¶ 58-75." DE 91, Pl. MSJ MOL Opp. p. 11. Apparently it was this sentence in the GBL 349 injury section upon which the Written Order based its ruling that the evidence of FDCPA actual damages was too speculative. "Plaintiffs conclusory allegations that the garnishment occurred at a difficult time in his life does not establish any legitimate basis for emotional distress damages." Written Order, p. 3.

Importantly, above quoted sentence in the Memorandum cited to specific paragraphs numbers in 56.1 Statement of Material Facts,[4] *i.e.* ¶¶ 58-75. Those paragraphs (quoted below) itemize the specific facts supporting Plaintiff's claim of actual damages. The 56.1 Statement paragraphs in turn provide specific citations to the summary judgment record, that is, the specific sections of the Declaration Exhibits. Therefore, the Written Order is incorrect that Plaintiff offers only "conclusory allegations" supporting a basis for the award of emotional distress damages.

Specifically, cited paragraphs include the following:

> 64. Defendants' conduct caused Mr. Callender actual damages of emotional and mental pain, anguish, embarrassment and humiliation. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 118:08-21; 122:02-123-08].

> 65. The stress brought on by the wrongful garnishment caused hives to break out on Mr. Callender's face during the period of time that his wages were being garnished. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 122:15-23; 123:19-125:07].

> 66. Mr. Callender could not eat, his stomach turning and twisting into knots. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 122:19-23].

---

[4] On June 10, 2017 Plaintiff filed DE 92, his Counterstatement of Material Facts in Response to Defendant's Motion for Summary Judgment ("Counterstatement"). For purposes of brevity Counterstatement at p. 9 incorporated by reference DE 86, his May 9, 2017 Rule 56.1 Statement of Material Facts For His Second Motion for Summary Judgment as to Liability. ("56.1 Statement"). Fed. R. Civ. P 10 ("A statement in a pleading may be adopted by reference *elsewhere in the same pleading or in any other pleading or motion*"). Therefore the paragraph numbers cited above are drawn from DE 86, the 56.1 Statement.

67.    He felt withdrawn and bottled up his feelings, even as he suffered from the stress. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 122:06].

68.    Because of post-judgment interest and costs of court, the post-judgment execution was for over $11,000, with continued interest accruing at 9%. Mr. Callender rightfully thought— given how little he was earning— that he would be garnished for the next decade. *See* Keshavarz Decl. [Exhibit E, Callender Aff.].

69.    He was afraid about how he could ever pay an eleven thousand dollar judgment, and how this would affect his ability to provide for his wife and three young children. *See* Keshavarz Decl. [Exhibit E, Callender Aff.].

70.    He could not sleep, tossing and turning, and staying up until 3:00 AM worrying about what he was going to do. When he did doze off, his sleep was not restful. He would only be able to sleep for an hour or two at a time. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 122:20-23].

71.    He was unable to pay his full rent, on time, for the month of April 2015. *See* Keshavarz Decl. [Exhibit E, Callender Aff.].

…

74.    And of course, Defendants' conduct caused Mr. Callender actual damages of being deprived of his wages for months. *See* Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Paystubs].

The FDCPA actual damages in the record were not limited to garden variety emotional distress, but also included lost time and expenses in frantically attempting to understand why he was being garnished and in seeking legal representation:

75.    He also lost time and incurred expenses fighting to understand what caused the money to be taken out of his wages. He also lost time seeking and obtaining legal representation. *See Keshavarz Decl.* [Exhibit E, Callender Aff.].

The timing of the garnishment helps put in context and explain why the garnishment especially caused Plaintiff emotional distress damages. The context helps explain why the wrongful garnishment of "only" $204.19 over four months inflicted the significant garden variety emotional distress damages alleged. This context was important to rebut Defendant's insinuation that garnishing "only" $204.19 could only be considered *de minimis*.

59.    Defendants' unlawful conduct occurred at an especially vulnerable time

8

for Mr. Callender and his family in that he had just lost a well-paying job that had enabled him to support his wife and three children in reasonable comfort and security for seven years. See Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp.

60.     He had been unemployed for over 4 months. See Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp.

61.     The job he managed to obtain (and whose first paycheck F&G garnished) paid little more than half of his previous employment. See Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp.

62.     His wife was obliged to work outside the home for the first time in their married life. See Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp.

63.     Mr. Callender was obliged to place his children in day care or extended-day after-school programs, at additional and considerable expense to the family. See Keshavarz Decl. [Exhibit E, Callender Aff.]; [Exhibit H, Callender Tr. pp. 118:08-21; 119:17-121:19;122:02-123-08].

…

72.     Not only did Defendants collect on a vacated judgment, they collected on a vacated judgement that itself was procured by the fraud of sewer service. See Keshavarz Decl. [Exhibit E, Callender Aff.].

73.     This made Defendants' wrongful execution even more outrageous and offensive to Mr. Callender. See Keshavarz Decl. [Exhibit E, Callender Aff.].

As an aside, Plaintiff notes that the same itemization of actual damages, with citations to the record, is delineated in the Second Amended Complaint, DE 73, pp. 29-31.

### C. Plaintiff affirmatively moved for summary judgment as to FDCPA and GBL 349 liability, but whether Plaintiff suffered FDCPA actual damages was never put at issue.

On May 9, 2017 Plaintiff filed DE 84, his Second Motion for Summary Judgment As To Liability Under the FDCPA, GBL 349, and for Conversion.  Plaintiff's Memorandum of Law in Support of His Second Motion for Summary Judgment, DE 85, never put his FDCPA actual damages at issue.  Actual damages are not an element of an FDCPA claim, however, "injury" is a required element under GBL § 349. Thus, Plaintiff's Memorandum of Law supporting his summary judgment motion for liability elaborated to some extent on the facts that would support

his claim of injury under GBL 349 and for conversion.

> While not relevant to liability, it is worth noting that Mr. Callender was only able to get his money returned after retaining a legal aid attorney to write a demand letter to F&G. ¶¶ 53-57.
>
> …
>
> The amount of money that was wrongfully garnished is of no moment. As an aside, the garnishment was not *de minimis* for Mr. Callender or his family, especially given the timing.[2]
>
> > fn. 2. Defendants' unlawful conduct occurred at an especially vulnerable time for Mr. Callender and his family in that he had just lost a well-paying job that had enabled him to support his wife and three children in reasonable comfort and security for seven years. ¶ 59. Mr. Callender had been unemployed for over 4 months. ¶ 60. The job he managed to obtain (and whose first paycheck F&G garnished) paid little more than half of his previous employment. ¶ 61. His wife was obliged to work outside the home for the first time in their married life. ¶ 62. Mr. Callender was obliged to place his children in day care or extended-day after-school programs, at additional and considerable expense to the family. ¶ 63.
>
> …
>
> Defendant's conduct harmed Mr. Callender because it caused him to be deprived of his wages at a time of great financial hardship for Mr. Callender and his family. ¶ 58-75.

DE 85, Pl. MSJ MOL, p. 14, 25.

Just as in his Memorandum of Law Opposing Defendant's Motion for Summary Judgment (DE 91, at p. 11), Plaintiff's Memorandum Of Law In Support of His Motion for Summary Judgment (DE 85 at p. 25) cited to the specific paragraphs of his 56.1 Statement that provides the specific factual basis and citations to the record supporting his garden variety emotional distress damages, specifically ¶¶ 58-75.

In its Memorandum of Law In Opposition to Plaintiff's Second Motion for Summary Judgment (DE 89 "Def. MSJ Opp,"), Defendant did ***not*** argue Plaintiff has suffered ***no FDCPA actual damages***. Defendant ***did not argue*** (as it did later at oral argument) that Plaintiff is required to provide medical records to support a claim of garden variety emotional distress damages, or that district courts in the second circuit have been hesitant to offer more than "a couple of thousand dollars" for FDCPA emotional distress damages.

Further in its Opposition, Defendant did not challenge that Plaintiff was personally injured by Defendant's putative deceptive practices under GBL 349. Instead, Defendant merely argued that in order to meet the consumer-oriented element of a GBL 349 claim, Plaintiff must allege in non-conclusory terms an injury "to the public generally as distinguished from the plaintiff alone." DE 89 Def. MSJ Opp, p. 6. (citations omitted).

As the issue of FDCPA actual damages, or even GBL 349 injury to Plaintiff personally, was never raised in the motion papers of any party, it is unfair surprise for the Court to rule at summary judgment as to the issue of whether Plaintiff suffered FDCPA actual damages. Therefore, the Court should grant this motion for reconsideration and allow the case to proceed to trial as to the issue of FDCPA actual damages. The issue of whether Plaintiff suffered FDCPA actual damages can be resolved at trial, either by a directed verdict or by a jury verdict. In the alternative, Plaintiff requests to be able to brief the issue of FDCPA actual damages prior to the Court issuing a ruling on that issue.

### D. At oral argument Plaintiff clearly articulated the specific summary judgment evidence in the 56.1 Statement and supporting Declaration Exhibits demonstrating Plaintiff's FDCPA emotional distress damages.

The first time the issue of whether Plaintiff suffered FDCPA actual damages was raised was when the Court raised it *sua sponte* at oral argument. As the undersigned indicated at oral argument, the FDCPA allows for the recovery actual damages in addition to statutory damages. Whether and in what amount Plaintiff may be awarded actual damages is a matter for the jury, the undersigned indicated at oral argument. The Court then inquired, *sua sponte*, as to the basis of Plaintiff's FDCPA actual damages.

```
THE COURT: I asked you a question. How do you want to proceed
with regard to the question of statutory damages?
```

MR. KESHAVARZ: We could proceed on statutory damages, but the issue is actual damages for the period of months.

THE COURT: You have to prove that too. How do you prove the actual damages?

MR. KESHAVARZ: His testimony is the testimony of garden variety emotional distress by him, by family members, by friends, as to garden variety emotional distress, inability to sleep, anxiety, got warts on his face. That is the garden variety emotional distress that we do not require medical records under Second Circuit -- that's the other damage that I'm seeking, and that's how I'm going to prove it.

…

THE COURT: What gives me the right to give emotional damage? Only the conversion, not the Fair Debt Collection Practices Act.

MR. KESHAVARZ: No. The Fair Debt Collection Practices Act damages are for the time between when his wages were wrongfully garnished, the emotional distress during that period before he eventually found out what happened and got the money back.

THE COURT: You're saying between the period of the garnishment to the period of the returned money?

MR. KESHAVARZ: And he had continued effects from that. He doesn't just get his money back and not be upset again. He has continuing emotional distress after that point that relates to the violation of the wrongful garnishment. That's a question for the jury to decide. The Second Circuit cases for garden variety emotional distress uphold 30,000 to 125,000 for facts that are not dissimilar to this.

In the *Samms* case,[5] Judge Rakoff said inability to sleep, anxiety, focusing on a wrongfully filed collection suit,

---

[5] *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, No. 15-CV-2741 JSR, 2015 WL 6437493(S.D.N.Y. Oct. 21, 2015). In *Samms*, the Court summarized the potential for the consumer's garden variety emotional distress as follows:

> Samms, who is elderly and disabled, asks for damages based on his emotional distress. He alleges he has become "fixated on the collections lawsuit and suffered anxiety, including an inability to sleep for months at a time." The Second Circuit has affirmed awards of over $100,000 for similar kinds of emotional distress. *See Lore v. City of Syracuse*, 670 F.3d 127, 177–78 (2d Cir.2012).

*Samms* at * 2 (citations to complaint omitted).

under these facts, the Second Circuit has upheld garden variety emotional distress damages of up to $100,000, so that's a question for the jury.

As to the statutory damages, that's also a question for the jury. That's not a question for the Court.

*See* Transcript p. 33:6-18, p. 34:3-24

At oral argument counsel for Plaintiff also pointed to the evidence in the summary judgment record of the confusion and frustration Plaintiff was experiencing in trying to figure out why he was being garnished. Further, counsel for Plaintiff explained that the summary judgment evidence of why the garnishment of "only" 214.13 still caused him significant emotional distress because of the financial stress he was already under when the garnishments hit.

THE COURT: But they can't garnish more than 10 percent. What was he making a pay period?

MR. KESHAVARZ: I don't recall, but he had lost his job prior. He could barely pay his rent. He has a newborn baby and a wife to support, so for him, $210 may be the difference between paying rent that month and --

THE COURT: I'm not saying it's insignificant. What is in the facts is that eight days after Forster and Garbus was told the judgment was vacated, the total amount of garnishment was reimbursed.

MR. KESHAVARZ: I'm not disputing that, but my only point is that the garnishments were happening for months.

THE COURT: All right. Thank you. But he didn't write about it until later.

MR. KESHAVARZ: No, he didn't know.

THE COURT: OK. He didn't know? A person knows when his money is not there.

MR. KESHAVARZ: No. He knew the money was not there, but he had no idea why. At first when he was hearing about garnishment, he thought it was child support. He had no idea what it was for until he got the court file or legal aid got the court file. He had no idea.

Plaintiff is not arguing that counsel's oral argument is itself evidence. Rather, counsel is arguing that his references at oral argument to facts in the summary judgment record should make clear that the Court should consider that evidence.

In response to a question from the Court, counsel for Defendant advanced a new argument that Defendant has not previously asserted; that Plaintiff is not entitled to FDCPA actual damages because he did not treat with a physician. However, the Court rejected that argument because Plaintiff is seeking only garden variety emotional distress.

> MS. LASTORINO: We dispute any compensable damages in this case as to emotional distress.
>
> THE COURT: Why?
>
> MS. LASTORINO: Because he never treated with one doctor.
>
> THE COURT:  He doesn't have to.
>
> MS. LASTORINO: There's case law that says that.
>
> THE COURT: I can take that into consideration, but it doesn't disqualify it.

*See* Transcript p. 35:5-13.

Counsel for Defendant also argued, again for the first time at oral argument, that there is a "reluctance" for district courts in the Second Circuit to grant emotional distress awards in FDCPA cases for more than "a couple of thousand dollars." *See* Transcript p. 35:14-19. But this is only an argument as to the amount of FDCPA actual damages for emotional distress, not whether a consumer may be awarded FDCPA emotional distress damages.

### E.  To the degree the Court suggests FDCPA actual damages can be limited based on the intent of the Defendant, this is clear error.

The Written Order seems to put reliance – and by using the term "[m]oreover," apparently substantial reliance -- on the notion that the intent of the Defendant can be considered in determining whether and to what extent Plaintiff may be awarded FDCPA actual damages.

> Based on the proof offered by plaintiff in his papers, he is entitled to no actual damages for emotional distress. Plaintiff's conclusory allegations that the garnishment occurred at a difficult time in his life does not establish any legitimate basis for emotional distress damages. **Moreover**, although defendant has violated the FDCPA, there is no indication that the violation was willful, and the funds were returned to plaintiff as soon as F&G was notified of the error. *See Bentley*, 6 F.3d at 63 (instructing that under the FDCPA, "the degree of a defendant's culpability may ... be considered in computing damages").

Written Order, pp. 3, 4 (emphasis added).

Respectfully, this is clear error. Considering the intent of the debt collector in violating the FDCPA confuses two separate sections of the statute,[6] and miscomprehends *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993).

1692k(a)(1) allows for the award of "actual damages." There is no limitation to the amount that may be awarded for actual damages. A separate provision, 1692k(a)(2), governs the award of statutory damages (identified as "additional damages"). Unlike the actual damage provision, 1692k(a)(2) limits the amount *statutory* damages to an amount "not exceeding $1,000." A third provision of the FDCPA, 1692k(b)(1), delineates factors the court is to consider

---

[6] **1692k. Civil Liability.**
**(a) Amount of damages.** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)
>> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
> …
**(b) Factors considered by court.** In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—
> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; …

in determining "the amount of liability… under subsection [1692k](a)(2)(A)" which is the statutory damage provision. Among those factors of 1692k(b)(1) are "the nature of such noncompliance, and the extent to which such noncompliance was intentional."

Nor does *Bentley* allow for consideration of the "degree of the Defendant's culpability" in the award of **actual** damages. The *quotation* of Bentley in the Written Order cuts off the citation in Bentley for the quoted proposition, specifically 1692k(b), the statutory damage provision. The full sentence is, "The FDCPA is a strict liability statute, *see Clomon*, 988 F.2d at 1320, and the degree of a defendant's culpability may only be considered in computing damages, *see* **15 U.S.C. § 1692k(b)**." (emphasis added). Further, nothing in the opinion indicates the Plaintiff was seeking actual damages. Indeed, the full paragraph suggests a misrepresentation from which an actual damage claim would be no small challenge: "the December 18 dunning letter falsely stated that Great Lakes had attempted to contact Bentley prior to December 18 and that Bentley's account had been referred to someone's desk, where a decision would be made regarding her account." *Bentley*, 6 F.3d at 63. "The reference to the status of Bentley's account is deceptive, implying "personal attention" to her account, when, in fact, no such "desk" existed." Id. at 63.

For this additional reason, the court should grant Plaintiff's request for reconsideration for the Written Order holding that Plaintiff "is entitled to no actual damages for emotional distress" for his FDCPA claim.

## VI.    CONCLUSION: RELIEF REQUESTED

For the above stated reasons this Court should grant Plaintiff's Motion for Reconsideration and allow the case to proceed to trial. The issue of whether Plaintiff suffered FDCPA actual damages can be resolved at trial, either by a directed verdict after the close of

evidence, or by a jury verdict.

In the alternative, Plaintiff requests summary judgment be reopened as to the issue of FDCPA actual damages, as that was not an issue contested by either side in the summary judgment briefing. *See* Fed.R.Civ.P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; …") *See also* Fed.R.Civ.P. 56(e) Cmt. 18 ("Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's ***preferred first step.***") (emphasis added); and Cmt. 21 (the order "should be designed to encourage proper presentation of the record.")

Dated: Brooklyn, New York
      January 17, 2018

<div style="margin-left:auto;">

Respectfully submitted,
*/s/*
Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carol Lastorino, Esq.,
Attorneys for Defendant Forster & Garbus, LLP
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11566
Tel. (516) 357-3000
Fax. (516) 357-3333

carol.lastorino@rivkin.com

Dated:  Brooklyn, NY
        January 17, 2018
         /s/
        Ahmad Keshavarz