UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
VICTOR CALLENDER,                           :     **ORDER DENYING MOTION**
                                            :     **FOR RECONSIDERATION**
                   Plaintiff,     :
                                            :     15 Civ. 5813 (AKH)
   -against-                              :
                                            :
                                            :
FORSTER & GARBUS, LLP,                      :
                                            :
                 Defendant.     :
                                            :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This case involves a law firm's liability for its efforts, on behalf of a client, to collect a debt that, unbeknownst to the law firm, the debtor had successfully vacated. Plaintiff filed this case on July 24, 2015, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Section 349 of the New York General Business Law, and common law conversion. Now before the Court is plaintiff's motion for reconsideration of the Court's December 5, 2017 Order Resolving Cross Motions for Summary Judgment. *See* ECF 106. For the reasons stated herein, plaintiff's motion is denied.

### Standard of Review

       In this district, "[m]otions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3." *Sullivan v. City of New York*, No. 14-cv-1334 (JMF), 2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017). As a general matter, "[a] motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . .'" *Drapkin*

*v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)). "To prevail, the movant must demonstrate either '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.'" *Laurent v. PricewaterhouseCoopers LLP*, No. 06-cv-2280 (JPO), 2018 WL 502239, at *1 (S.D.N.Y. Jan. 19, 2018) (quoting *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013)). Put differently, "motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

## Discussion

The Court assumes the parties' familiarity with the facts of this case. The Court's December 5 Order resolved every substantive issue in this case, but plaintiff moves for reconsideration only with respect to the Court's decision on actual damages under the FDCPA. In the Order, I held:

> Under § 1692k(a), plaintiff is entitled to actual and statutory damages for F&G's violation of the FDCPA. *See* 15 U.S.C. § 1692k(a)(2)(A) (providing for maximum statutory damages of $1,000). Based on the proof offered by plaintiff in his papers, he is entitled to no actual damages for emotional distress. Plaintiff's conclusory allegations that the garnishment occurred at a difficult time in his life does not establish any legitimate basis for emotional distress damages. Moreover, although defendant has violated the FDCPA, there is no indication that the violation was willful, and the funds were returned to plaintiff as soon as F&G was notified of the error. *See Bentley,* 6 F .3d at 63 (instructing that under the FDCPA, "the degree of a defendant's culpability may . . . be considered in computing damages"). However, I find

2

> that plaintiff is entitled to the statutory maximum of $1,000 in statutory damages based on the seriousness of F&G's conduct.

Order Resolving Cross Motions for Summary Judgment, ECF 106, at 3–4.

Plaintiff has not satisfied the heavy burden to justify granting a motion for reconsideration. *See In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d at 300 (calling a motion for reconsideration "an extraordinary remedy"). The primary basis for plaintiff's motion is that the parties did not directly raise the issue of actual damages in their cross motions for summary judgment. *See* Plaintiff's Memorandum of Law, ECF 111, at 6. But as plaintiff's motion demonstrates, the facts underlying his claim for emotional distress damages were before the Court, *see* Rule 56.1 Statement, ECF 94, at ¶¶ 58–75, and the issue was raised by the Court during oral argument, *see* Oral Arg. Tr., ECF 104, at 33:10–33:21 (reserving decision on the question of statutory and actual damages). This is not, as plaintiff claims, a case of unfair surprise. And even if defendant did not move for summary judgment on actual damages, it is well settled that a Court may grant summary judgment *sua sponte* in the appropriate case. *See Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996) ("Where it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law."); *4Kids Entm't, Inc. v. Upper Deck Co.*, 797 F. Supp. 2d 236, 250 (S.D.N.Y. 2011) ("When a party makes a motion for summary judgment, the Court may search the record and grant summary judgment, not just to the moving party, but to any party who may be entitled to it-even if that party has not moved for relief."). In sum, plaintiff has not pointed to any intervening change in the law, piece of new evidence, or a need to correct clear error. *See Laurent*, 2018 WL 502239, at *1. Having previously searched

3

the record, I held that plaintiff was not entitled to emotional distress damages. I adhere to that holding now.

For the reasons stated herein, plaintiff's motion for reconsideration is denied. The clerk is instructed to terminate the motion (ECF 109). The only remaining issue in the case is plaintiff's entitlement to reasonable attorney's fees and costs under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). The parties shall jointly submit a proposed briefing schedule to address that issue no later than April 18, 2018.

SO ORDERED.

Dated:  April 11, 2018
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge